CIVIL SERVICE COMMISSION OF THE CITY OF WATER-
BURY ET AL. *v.* EDWARD PEKRUL ET AL.

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE No. 087414
                         WATERBURY

CIVIL SERVICE COMMISSION OF THE CITY OF WATER-
BURY ET AL. *v.* BOARD OF POLICE COMMISSIONERS
OF THE CITY OF WATERBURY

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE No. 087653
                         WATERBURY

Memorandum filed January 23, 1991

*Gesmonde, Pietrosimone, Sgrinari & Pinkus,* for the
plaintiffs in both cases.

*Dennis M. Buckley,* for the defendants in both cases.

PELLEGRINO, J. The plaintiffs, the civil service commission of the city of Waterbury and Edmund Jayaraj, both individually and as administrator of the civil service commission and director of personnel of the city of Waterbury, instituted the two actions under consideration here. The first is an action in quo warranto (Docket No. 087414) seeking to oust five named police officers, the defendants in that action, who were appointed as detectives by the superintendent of police and the Waterbury board of police commissioners. The second is a mandamus action (Docket No. 087653) seeking to compel the board of police commissioners, the defendant in that action, to appoint as detectives those patrolmen who ranked highest on the test given under the auspices of the civil service commission and certified to the board of police commissioners by the director of personnel. The parties in both actions have agreed to consolidate them and they were heard simultaneously.

The parties have stipulated to the essential facts, which are as follows: The superintendent of police of the city of Waterbury, on or about February 24, 1988, requested the personnel director of the city's civil service commission to certify the five highest ranking candidates on the eligibility list for the position of detective/plainclothesman in order to fill five vacant positions. A competitive exam was held and the director of personnel, Edmund Jayaraj, certified those candidates who in fact rated highest on the competitive exam.[1] Thereafter, the board of police commissioners appointed one officer, Joseph Pesce, who did in fact qualify as one of the top five candidates on the eligibility list and four other candidates who were not included

---

[1] The candidates certified were: Thomas Storace, Joseph Pesce, Francis Woodruff, Daniel Coleman and William Cortez.

in the five highest positions on that list.[2] Thereupon, the civil service commission and Jayaraj brought these actions to compel the board of commissioners to revoke their actions and to appoint the five highest candidates to the position of detective/plainclothesman.

The central issue in these cases is whether the appointment of a patrolperson to detective is merely a duty assignment as claimed by the defendants, or in fact an appointment to an office or classification that requires a civil service exam and strict adherence to the rules and regulations of the civil service commission requiring the highest ranking on a competitive exam.

The defendants in both cases raised other issues of law by virtue of their respective motions to dismiss and plea in abatement, which was treated as a motion to dismiss. These claims included lack of subject matter jurisdiction, lack of in personam jurisdiction and insufficiency of process. The court, in ruling on the defendants' claim regarding the lack of subject matter jurisdiction, discussed issues of both justiciability and standing. In a memorandum of decision filed October 20, 1989, the court, *Barnett, J.*, concluded that the plaintiffs did have standing in both actions and that justiciable issues were presented and denied the defendants' motion to dismiss in both cases. The defendants did not raise these issues at the time of trial, and they were not discussed or argued in the defendants' trial brief. Consequently, this court will not consider these issues, and the decision of Judge Barnett will be controlling with respect to them.

---

[2] The officers appointed to the position of detective and their rankings on the eligibility list were as follows: Edward Pekrul, twenty-fourth; Joseph Pesce, second; James Clary, ninth; Phillip Rinaldi, seventeenth; Edward Stephens, fortieth.

## I

The defendants claim that the plaintiffs are unable to bring this action in quo warranto since the defendant police officers do not hold a public office from which they could be ousted. In order for a quo warranto proceeding to lie, the plaintiffs must establish in fact that a de jure office, i.e., the office of detective, existed since a quo warranto action tests a defendant's right to hold an office de jure. *Alcorn, State's Attorney, ex rel. Hoerle* v. *Thomas,* 127 Conn. 426, 428, 17 A.2d 514 (1941). The defendants claim that the plaintiffs have failed to meet their burden in proving the existence of the office of detective. The defendants argue that the charter of the city of Waterbury dating from 1871 to the present did not mention the position or classification of detective. The court finds otherwise. The charter of the city of Waterbury, § 3332 (a), provides in part: "The police department of the City of Waterbury shall consist of a superintendent, and *such other officers,* policemen and policewomen as the board of police commissioners shall deem necessary and which the board of aldermen shall approve." (Emphasis added.) By ordinance, found in paragraph (8) of § 2-36.1 of the Waterbury city code, the board of aldermen approved the creation of *"other officers,"* including the office of detective. That section, entitled "Sworn personnel of police department," provides that the sworn personnel of the Waterbury police department shall consist of "[t]hirty (30) detectives and such additional detectives as are deemed necessary by the board of police commissioners and approved by the mayor, up to a maximum of forty (40)."

The court finds, therefore, that the office of detective has been authorized by the charter of the city of Waterbury and specifically designated by ordinance. There is a de jure office of detective. In addition, the plaintiffs have presented uncontroverted evidence that

the Waterbury police department has recognized the existence of the position or classification of the office of detective. The department's own "Roster By Rank, Seniority and Function," dated September 1, 1990, lists detective as a special category. The current budget of the police department lists detective as a separate line item in its "Schedule of Salaries." Finally and most destructive of the defendants' claim that there is no office, position or classification of detective, is the February 24, 1988 request of the superintendent of police of Waterbury, William Lamb, requesting the civil service commission to fill the five detective positions. This request was authorized and signed by the mayor of Waterbury.

## II

This court having found that there is in fact a de jure office of detective, the quo warranto proceeding instituted by the plaintiffs was therefore proper. The defendants' title to that office was properly challenged and the court finds that the action of the board of police commissioners in appointing those defendants who were not the five highest rated candidates as required by the rules and regulations of the civil service commission was illegal and void. *Resnick* v. *Civil Service Commission,* 156 Conn. 28, 30–32, 238 A.2d 391 (1968).

## III

The defendants also argue that the board of aldermen and the civil service commission amended chapter VIII, § 8, of its rules and regulations, entitled "Promotional Policy," specifically to provide that the assignment to detective should be considered a "lateral move." This the defendants urge eliminates the necessity of a promotional exam and reinforces the theory that assignment to detective was merely a duty assignment and not a "promotion." In response, the plain-

tiffs offered the testimony of Jayaraj, who explained that the "lateral move" was proposed in order to circumvent the "double jump prohibition" between patrolperson and sergeant, which prevented a candidate from a higher classification or rank from applying for a position beyond the next higher rank or classification. Jayaraj testified that making detective a "lateral move" would permit a patrolperson to become eligible not only for the position of detective, but also for the position of sergeant, since that position (sergeant) would not be considered a "double jump." The court accepts the explanation given by Jayaraj of the intent and purpose in making the classification of detective a lateral move. This explanation is consistent with the definition of "promotion" found in chapter XIX of the rules and regulations of the civil service commission. Promotion is defined as "assignment of an employee from one class to another which has a higher maximum rate of pay." Jayaraj testified that the position of detective in fact has a higher rate of pay than the position of a patrolman. Therefore, the assignment of a patrolman to the position of detective, albeit a lateral move, is a "promotion" under the civil service code, which the court finds necessitates a promotional exam and strict adherence to the rules and regulations of the civil service commission. In this case those rules and regulations were not followed. The court finds that the transfer or appointment from patrolman to the classification of detective required the appointing authority to appoint those individuals certified to the police commission by the director of personnel as the highest ranking candidates from the civil service eligibility list. See *Shanley* v. *Jankura,* 144 Conn. 694, 137 A.2d 536 (1957). Therefore, the appointments of Edward Pekrul, James Clary, Phillip Rinaldi and Edward Stephens, who in fact were not among the top five candidates on the eligibility list certified by the director of personnel, were unlawful.

## IV

It is well settled that an action in mandamus is proper to seek appointment to a position if the proceeding in quo warranto is successful in vacating that position. *Beccia* v. *Waterbury,* 185 Conn. 445, 456–57, 441 A.2d 131 (1981). The defendants suggest in their brief that, since the five highest candidates certified by the director of personnel did not appear and testify to their willingness to be appointed, they may not cooperate with an order directing that they be appointed and that they, therefore, should not be appointed. This seems highly unlikely since those candidates ranking highest on the eligibility list did apply for the position of detective and did participate in the competitive examination, however, if they elect not to accept the position that is no reason to deny them the appointment to which they are legally entitled. In any event, the court finds little merit in this argument. The plaintiffs in the quo warranto action have convinced this court that those appointed to the position of detective should be ousted from office and that those candidates ranking highest on the civil service eligibility list have established their clear legal right to that office and, therefore, are entitled to be appointed to that office as is sought in the mandamus action.

In Docket No. 087414, on the basis of the findings set out in this opinion, the court shall render judgment in favor of the plaintiffs, and the defendants Pekrul, Pesce,[3] Clary, Rinaldi and Stephens shall be ousted and altogether excluded from the position of detective for the Waterbury police department.

---

[3] Pesce did in fact rank number two and was one of the top five candidates on the eligibility list and was appointed to the position of detective. In order to cure any illegality with respect to his appointment, the court will remove him from that position in the quo warranto action and appoint him to same position in the mandamus action.

In Docket No. 087653, on the basis of the findings set out in this opinion, the court shall render judgment on behalf of the plaintiffs and order that the defendant board of police commissioners appoint Thomas Storace, Joseph Pesce, Francis Woodruff, Daniel Coleman and William Cortez, who were rated among the five highest candidates on the eligibility list certified by the director of personnel of the civil service commission, to the position of detective.