CIVIL SERVICE COMMISSION OF THE CITY OF WATERBURY ET AL. *v.* EDWARD PEKRUL ET AL.

CIVIL SERVICE COMMISSION OF THE CITY OF WATERBURY ET AL. *v.* BOARD OF POLICE COMMISSIONERS OF THE CITY OF WATERBURY
(14368)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BERDON, Js.

Argued December 6, 1991—decision released January 21, 1992

*Dennis M. Buckley,* corporation counsel, with whom was *George C. Tzepos,* assistant corporation counsel, for the appellants (defendants).

*John M. Gesmonde,* with whom was *Susan Nobleman,* for the appellees (plaintiffs).

PER CURIAM. This appeal concerns consolidated actions for mandamus and quo warranto challenging the promotion of certain police officers to the position of detective in the Waterbury police department. The plaintiffs, the civil service commission of the city of Waterbury and Edmund Jayaraj, individually and as administrator of the civil service commission and director of personnel of the city of Waterbury, brought these actions to compel the defendants[1] to abide by the results of a civil service examination process designating the candidates most qualified for the position of police detective and to oust those whom the superintendent of the Waterbury police department and the board of police commissioners had appointed in their place.[2] The trial court rendered judgments in favor of the plaintiffs, from which the defendants appealed to the Appellate Court. We transferred their appeal to this court pursuant to Practice Book § 4023.

Our examination of the record on this appeal, and the briefs and arguments of the parties, persuades us that the judgments of the trial court should be affirmed. The central issue is whether the Waterbury charter and ordinances conferred upon the plaintiff civil service commission, rather than upon the defendant superintendent and commissioners, the authority to certify those individuals who were most qualified for appoint-

[1] In the quo warranto action, the defendants are five police officers, Edward Pekrul, Joseph Pesce, Edward Stephens, James Clary and Phillip Rinaldi, whom the Waterbury superintendent of police and the board of police commissioners appointed as detectives. In the mandamus action, the defendant is the board of police commissioners of the city of Waterbury.

[2] Acting in response to a request by the superintendent of police of the city of Waterbury, the civil service commission set a competitive examination to determine an eligibility list to fill five vacancies for the position of police detective. On the basis of that examination, the director of personnel, Edmund Jayaraj, certified five candidates with the highest examination scores. The board of police commissioners appointed as detective one police officer, Joseph Pesce, who was among those certified, and four officers who were not so included.

ment to the position of police detective. This issue, in all of its procedural and substantive ramifications, was properly resolved in two thoughtful and comprehensive memoranda of decision filed by the trial court, *Barnett, J., Civil Service Commission* v. *Pekrul,* 41 Conn. Sup. 302, 571 A.2d 715 (1989), and *Pellegrino, J., Civil Service Commission* v. *Pekrul,* 42 Conn. Sup. 107, 601 A.2d 1044 (1991). Because these memoranda of decision fully state and meet the arguments raised in the present appeal, we adopt the trial court's well reasoned decisions as a statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the discussion therein contained.

The judgments are affirmed.