[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
FACTS
On March 7, 1994, the plaintiff, GGG Corporation, filed a complaint against the defendants, Nathan's Famous, Inc. (Nathan's) and Samir Malek (Malek). The return date was March 11, 1994. The plaintiff initiated this summary process action by serving a notice to quit possession upon the defendant in accordance with General Statutes § 47a-23b.
The plaintiff alleges, in its complaint, than the plaintiff and Nathan's entered into a written lease agreement (lease) for a ten year term, commencing on March 15, 1990, for the use and occupancy of commercial space located at 1595 Boston Post Road, Milford, Connecticut. The plaintiff alleges that rental payments under the lease were to be made in the amount of $10,333.33, plus additional monthly percentage payments, tenant's share of taxes, insurance, and common area charges. The plaintiff alleges that on or about March 15, 1990, Nathan's entered into an Assignment of Lease (assignment), whereby Nathan's, as assignor, assigned the lease to Malek, and Nathan's expressly guaranteed the performance by Malek of the obligations of tenant under the lease. Malek then entered into an agreement with Nathan's whereby Nathan's operated the business for Malek.
The plaintiff further alleges that: Nathan's and Malek are currently in possession of the premises under the lease and assignment; said defendants have failed to make the required rental payments due under the terms of the lease for the tenancy, months commencing June 1, 1990 through January 1, 1994; defendants have failed to pay real estate taxes for the years 1990 through 1993; defendants have failed to pay insurance for the years 1992, and 1993; defendants have failed to pay common area charges for the years 1992 and 1993; and defendants have failed to quit possession of the premises pursuant to the plaintiff's notice to quit possession on or before February 28, 1994. As a result of the aforementioned allegations, the plaintiff "claims a judgment for possession of the premises." CT Page 4695
On March 22, 1994, Malek filed a motion to dismiss the plaintiff's complaint, along with a supporting memorandum of law, exhibits, and a sworn affidavit by Malek. The grounds for dismissal are that the court lacks subject matter jurisdiction and personal jurisdiction, and that the method of service required by General Statutes § 47a-23b, on a nonresident, violates U.S. Const. amend. XIV, and Conn. Const., Art. I., § 10.[1]
Malek also submitted, at oral argument, a supplemental memorandum of law, dated March 28, 1994, in support of his motion to dismiss along with a supplemental sworn affidavit by Malek.
On March 28, 1994, the plaintiff filed a timely memorandum of law in opposition to the defendant's motion to dismiss, along with copies of Malek's Memorandum of Law in Support of his Motion to Dismiss, dated January 18, 1994, in a prior action between the same parties.[2]
 DISCUSSION
A motion to dismiss asserts that "the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original.) Gurliacci v.Mayer, 218 Conn. 231, 544-45, 590 A.2d 914 (1991). In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint "construed in a manner most favorable to the pleader." Pellegrino v. O'Neill,193 Conn. 670, 672 n. 4, 480 A.2d 476 (1984).
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). It tests whether, on the face of the record, the court is without jurisdiction. Upson v. State, 190 Conn. 622, 624,461 A.2d 1991 (1983). "The claim of an absence of subject matter jurisdiction cannot be waived and must be considered." Civil ServiceCommission v. Pekrul, 41 Conn. Sup. 302, 305, 571 A.2d 715 (1989, Barnett, J.), affirmed, 221 Conn. 12, 601 A.2d 538 (1992).
A motion to dismiss is also a proper challenge to the court's lack of in personal jurisdiction. Chrysler Credit Corporation v.Fairfield Chrysler-Plymouth, Inc., 180 Conn. 223, 226, 429 A.2d 478
(1980). See also Hill v. W.R. Grace Co., 42 Conn. Sup. 25, 26-7,598 A.2d 110 (1991, Licari, J.).
Malek argues, in his memorandum of law in support of motion CT Page 4696 to dismiss, that while it took lawful possession of commercial premises by the assignment, it entered into an agreement whereby Nathan's operates the business on the premises and Malek neither employs the workers at the premises, controls the workers at the premises, nor visits the premises.
Malek argues that the plaintiff improperly served the to quit possession on Malek, a New York resident, by serving Gary W. Koch (Koch) at the commercial premises, in Connecticut. Malek argues that Koch, as Nathan's employee, forwarded the notice quit possession intended for Malek, to Nathan's, and Malek therefore "did not receive notice of the instant action until attorneys reviewed the court's file."
Malek argues that it "could have been" deprived of property "without ever having known of the action through which such deprivation resulted." Malek also argues that "[s]ervice on an occupant pursuant to Section 47a-23b does not give proper notice to a nonresident lessee and thus violates that lessee's due process rights under both the United States and Connecticut constitutions." Malek further argues that he was not served with a valid quit possession Malek therefore claims the court lacks matter jurisdiction and personal jurisdiction.
The plaintiff argues, in response, that the court is not required to decide Malek's claim of unconstitutionally because Malek only claims that it "could have been deprived" of its property right, but in fact has not suffered any deprivation without notice, as is evidenced by Malek's participation in these proceedings.
The plaintiff further argues that § 47a-23b does not require that the person in charge of the premises be an employee of the nonresident lessee and that Malek cannot claim he received notice, since Malek is familiar with § 47a-23b, as demonstrated by the prior action between the parties,[3] and various arguments in support of the constitutionality of General Statutes § 47a-23b.
I. Subject Matter Jurisdiction
"The Superior Court has subject matter jurisdiction over summary process actions." General Statutes § 47a-23a. "The jurisdiction of the Superior Court in summary process actions, however, is subject to a condition precedent." Lampasona v.CT Page 4697Jacobs, 209 Conn. 724, 728-729, 553 A.2d 175, cert. denied,492 U.S. 919 (1989). "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Id., citing Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627, 631,495 A.2d 1127 (1985).
 A notice to quit in a summary process action is distinct from process. The latter "inform(s) the defendant of institution of proceedings against him and to compel his appearance in civil cases. . . . A notice to quit . . . is designed to give notice to the lessee or occupant to possession. . . on or before a certain date for a particular statutory reason."
(Citation omitted) Golden Realty Co., v. Society for Savings,
Superior Court, Judicial District of Stamford at Norwalk, Housing Session (November 19, 1991 Leheny, J.).
Service of notice to quiz on a nonresident lessee is governed by General Statutes § 47a-23b, which provides, in part:
 (a) If the lessee or occupant of such land, building, apartment or dwelling unit . . . is a nonresident of this state at the time when it is desired to give him notice to quit possession or occupancy of such premises, or at the time of issuance of the summons, such notice to quiz, or such summons, may be served upon the person in charge thereof, or, if no person is in charge of such premises, the notice to quit may be served upon such lessee or occupant in the manner provided by section 52-57 or 52-57a, at least ten days before the time specified in such notice, and such summons may be served in like manner, except that such copy shall be mailed at least six days before the return day thereof.
(Emphasis added.) General Statutes § 47a-23b.
 An examination of Section 52-57, Connecticut General Statutes, reveals that service of process in any civil action against private corporations may be made upon an officer, director, cashier or assistant cashier, teller or assistant teller, general or managing agent, manager, "or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office or the corporation in the CT Page 4698 town in which its principal office or place of business is located."
(Citation omitted.) Spodick v. The Agora of New Haven, Inc.,
Superior Court, Judicial District of New Haven, Housing Session (May 21, 1982, Foti, J.).
"[T]he summary process statute (§ 47a-23 et seq.) applies to commercial as well as residential properties." Martin v.Koepper, Superior Court, Judicial District of Hartford/New Britain at Hartford, Housing Session (November 16, 1981, Satter J.) "Interpretation of the entire statutory scheme leads to the . . . conclusion that service of notice to quit at the place of occupancy of a business is proper." Id.
In order to comply with General Statutes § 47a-23b, the person receiving the notice need not be an employee of the nonresident for whom the notice is directed. Rather the person receiving notice need only be the person in charge of the premises. Koch was the General Manager at the time the notice to quit possession was served. See Officer's Return, dated February 14, 1994. As General Manager, the court finds that Koch was also the person in charge of the premises at the time of issuance.[4]
Accordingly, since the owner of land properly served the lessee with a notice to quit possession, the court has subject matter jurisdiction to entertain the summary process action.
II. Personal Jurisdiction
"In many cases jurisdiction is immediately evident . . . [w]hen, however, the jurisdictional basis is not clear on the face record because service is had under the long arm statutes, additional facts establishing the `minimum contacts' required by due process may need to be shown." Standard Tallow Corporationv. Jowdy, 190 Conn. 48, 52-53, 459 A.2d 503 (1983). Analysis of a procedural challenge to personal jurisdiction over a nonresident is a two-step process. Gaudio v. Gaudio, 23 Conn. App. 287, 298,380 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990), "`The first inquiry is whether the applicable long arm statute authorizes the assertion of jurisdiction over the [defendant]; and, if the statutory requirements are met, whether the exercise of in personal jurisdiction would violate constitutional principles of due process.'" Gaudio v. Gaudio, supra, quoting CT Page 4699Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986).
A. Long Arm Statute
The Connecticut long arm, statute, General Statutes § 52-59b, provides in relevant part as follows:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, . . ., who in person or through an agent: (1) Transacts any business within the state; or . . . (4) owns, uses or possesses any real property situated within the state.
* * *
 (c) Any nonresident individual, . . . over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual . . . personally.
General Statutes § 52-59b. "Connecticut courts may assert jurisdiction over a nonresident defendant under General Statutes § 52-59b (a)(1), as long as that defendant transacts business within the state." Gaudio v. Gaudio, supra. "The term `transacts business' has been construed to embrace `a single purposeful business transaction.'" Gaudio v. Gaudio, supra, quoting Zartelasv. Nisenfeld, 184 Conn. 471, 474, 440 A.2d 157 (1981).
Malek, as assignee of the commercial premises at 1595 Boston Post Road, Milford, Connecticut, is the lessee of said premises, with "full force and effect as if the assignee had signed the lease originally as tenant named therein." Defendant's Exhibit B, Assignment of the Lease. Malek's assignment is a purposeful Connecticut related activity, and, since Malek "uses or possesses . . . real property situated within the state," Connecticut long arm statute applies. Therefore, the first inquiry of the two step process to establish personal jurisdiction over a nonresident is met.
B. Due Process
CT Page 4700
Only if personal jurisdiction has attached under state law does the court reach the constitutional question of whether due process is offended thereby. United States Trust Co. v. Bohart,197 Conn. 34, 39, 495 A.2d 1034 (1985); see also Gaudio v.Gaudio, supra, 299; Rosenblit v. Danaher, 206 Conn. 125, 142,537 A.2d 145 (1988). Minimum contacts must be present before a court can acquire in personam jurisdiction, such that maintenance of the suit does not offend traditional notions of fair play and justice. United States v. Bohart, supra, 38; International ShoeCo. v. Washington, 326 U.S. 310 (1945). "The specific facts of each case necessarily determine the outcome of a minimum contacts analysis." United States v. Bohart, supra, 42, citing Kulko v.California Superior Court, 436 U.S. 84, 92 (1978).
The two touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. UnitedStates v. Bohart, supra, 41. "`[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably being baled into court there.'" United StatesTrust Co. v. Bohart, supra, 41, quoting World-Wide VolkswagenCorp. v. Woodson, 444 U.S. 286, 297 (1979). Jurisdiction may not be asserted "in such a as to make litigation `so gravely difficult and inconvenient' a party unfairly is at a `severe disadvantage in comparison to his opponent.'" United States TrustCo. v. Bohart, supra, 42, quoting Burger King Corp. v. Rudzewicz,471 U.S. 462 (1985).
In Greene v. Lindsey, 456 U.S. 444, 449-50 (1982), the Court stated:
 "The fundamental requisite of due process of law is the opportunity to be heard" and the "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." quoting Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306 (1950). Personal service guarantees actual notice of the pendency of a legal action; . . . [w]e have also clearly recognized that the Due Process Clause does prescribe a constitutional minimum: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties ofCT Page 4701 the pendency of the action and afford them an opportunity, to present their objections."
(Emphasis in the original.) Greene v. Lindsey, quoting Mullane, supra, 314.
"Summary process is a straightforward action limited to a few simple questions of fact." (Citations omitted.) Ossen v. Wanat,21 Conn. App. 40, 45, 571 A.2d 134 (1990), affirmed, 217 Conn. 313,585 A.2d 685 (1991).
 While in certain cases complex issues may necessarily be a part of the action . . . the ordinary summary pace cannot be `stalled by the defendant's simply raising the spectre of a complexity which is not . . . rooted in the nature of the relationship between landlord and tenant and in the basis of the landlord's claim to possession; or simply by the defendant's threat to raise complex defenses which are not likely to be asserted in good faith. . . .'
(Citations omitted.) Id.
Malek, as assignee of the commercial premises in Milford, Connecticut could reasonably anticipate being haled into court in Connecticut. Malek received notice reasonably calculated, under all circumstances, to apprise him of the pendency of the summary process action and afford him the opportunity to present his objections to the notice to quit possession: service was made of the person in charge of the premises, who, while not being an employee of Malek, was an agent of Malek because of the agreement between Malek and Nathan's. Therefore, the second inquiry to establish personal jurisdiction over a nonresident, that of due process, is met. Accordingly, the court has personal jurisdiction over Malek pursuant to the Connecticut long arm statute, General Statutes § 52-59b, and due process of the law.
CONCLUSION
Service of process at the commercial premises of a nonresident lessee, pursuant to General Statutes § 47a-23b, is both proper and constitutional. Accordingly, Malek's motion to dismiss is hereby denied.
Mintz, J. CT Page 4702