[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' CLAIM FOR ISSUANCE OF A WRIT OFMANDAMUS DIRECTING THEIR HIRING AS WATERBURY FIRE FIGHTERS
This action initiated by the plaintiffs Richard J. Bouthot, Ernest D. Nevard and Kenneth J. Tamborra consisted of two parts. In the first count, the plaintiffs sought relief in the nature of a writ of quo warranto to oust recently appointed Waterbury firefighters from their positions. The second count requested relief in the nature of a writ of mandamus directing the appointment of the plaintiffs to fill any vacancies that might result from success on the quo warranto claim.
The court bifurcated the trial. On the quo warranto aspect, the plaintiffs successfully established that Chapter V § 8(b) of the regulations of the Waterbury Civil Service Commission which governs the award of preference points to qualified veterans differed materially from General Statutes §§ 7-415 (credit allowances to veterans in examinations for original appointment) and 27-103(a) (definition of terms relating to periods of service in the armed forces). Because § 7-415 contains language that "[n]o such points shall be added to any earned rating in any civil service or merit examination except as provided in this section, the provisions of any CT Page 5427 municipal charter or special act notwithstanding." The court held that the provisions of the state statutes were mandatory in any award of preference points to veterans.
Three of the recently appointed firefighters, Mark W. Gostyla, Steven M. Croce and Glen A. Bradley were found to have had their scores on the civil service test enhanced by the award of points contrary to the state statutes. Upon their inability to show that they were otherwise entitled to their rankings by the Civil Service Commission, the court on October 8, 1993, ousted them from their respective positions. The court's action on the quo warranto application is the subject of a pending appeal.
Subsequently, the mandamus phase was litigated. On this part of the plaintiffs' suit, the Hon. Edward D. Bergin, Jr., Mayor of Waterbury and Edmund Jayaraj, Director of Personnel, the highest ranking officer in the Waterbury Civil Service System are the principal defendants.
 I.
At the outset, the court must deal with the defendants' contention that the plaintiffs are disqualified from mandamus relief for the reason that another remedy existed and was not followed. The legal background for what is tantamount to a jurisdictional defense[1] is Division 2 § 1931 of the city charter which provides that:
 [a]ny party who feels aggrieved by any act of the Board of Alderman or of any department may, within twenty (20) days after the doing of the act by which he claims to be aggrieved, appeal from such action to the Superior Court. . . .
The court agrees that a writ of mandamus should not issue if another fully adequate remedy exists. 52 Am. Jur., Mandamus, § 46. On the facts of this case, however, Division 2 § 1931 of the city charter was not an available alternative remedy.
Due to the nature of the parties' claims, the court's explanation must start with a backtrack. Before this action was brought, several disappointed firefighter applicants petitioned for an injunction against the Civil Service Commission and/or the Director of Personnel. A temporary injunction was granted CT Page 5428 for a limited period of time so that the Commission could consider the petitioners' argument that Chapter V § 8(b) of the Civil Service regulations had promoted erroneous awards of veterans' preference points. The petitioners for the injunction are not parties to the present suit. But the plaintiff Bouthot, self-represented at the time, did speak on February 2, 1993 at the Commission's hearing resulting from the injunction.[2] No appeal was taken from the Commission's ruling upholding Chapter V § 8(b) as a regulation in compliance with General Statutes §§ 7-415 and 27-103(a). When this action was brought, the court, as heretofore mentioned, disagreed with the Commission's interpretation.
Primarily, the court's determination that Division 2 § 1931 of the City Charter does not provide an adequate and available alternative method of relief rests upon the concept of standing. Before veterans' preference points were added to the scores achieved by certain firefighters on the civil service examination, the plaintiffs' rankings were Bouthot 10th, Nevard 11th and Tamborra 12th. After the addition of points, the plaintiffs' ranks were reduced to 14th, 15th and 16th respectively. When the Commission in February 2, 1993, convened to hear contentions that Chapter V § 8(b) of its regulations was invalid or that because of it certain scores had been wrongfully augmented, the requisition as approved by the Mayor was only for eleven new firefighters. Numbers 11, 12 and 13 on the eligibility list were Stephen G. Williams, Ronald A. Pisani, Jr. and Philip C. Plante. "Standing" means that "a person is not `entitled to set the machinery of the courts in operation except to obtain redress for an injury he may suffer either in an individual or representative capacity.'" Nye v. Marcus,198 Conn. 138, 141-42 (1985).
When the new firefighters were sworn into office, Stephen G. Williams did not appear for the ceremony and subsequently refused the position. The requisition was then reduced to ten. Not until evidence was taken at the hearings in this case, however, did Pisani and Plante say that each of them was employed by a different fire department[3] and that neither was interested in employment as a firefighter in Waterbury. And not until October 8, 1993, long after the twenty day appeal period prescribed by the city charter, when the court ousted Mark W. Gostyla, Steven M. Croce and Glenn A. Bradley did the plaintiffs become bona fide contenders for available firefighter positions. CT Page 5429
An exception to the doctrine that an administrative remedy including judicial review thereof, must be exhausted before an independent action may be brought is that a party need not undertake an administrative remedy which, as here, would be inadequate or futile. Greenwich v. Liquor Control Commission,191 Conn. 528, 541-42 (1983); Connecticut Mobile Home Ass'n.Inc. v. Jensen's Inc., 178 Conn. 586, 591 (1979). Moreover the doctrine of exhaustion of administrative remedies presented no bar to the plaintiffs' quo warranto count. Civil ServiceCommission v. Pekrul, 41 Conn. Sup. 302, 308 (1989), aff'd.221 Conn. 12 (1992); Carleton v. Civil Service Commission,10 Conn. App. 209, 216 (1987). Under Connecticut law success in the quo warranto litigation was a necessary prerequisite to the relief sought by the plaintiffs on their mandamus claim. Beccia v.Waterbury, 185 Conn. 445, 456-57 (1981); Civil ServiceCommission v. Pekrul, supra 41 Conn. Sup. at 304.
 II.
From the evidence and inferences reasonably drawn therefrom, the court finds that the following facts relating to the plaintiffs' mandamus claim have been established.
The result of the orders of ouster of Mark W. Gostyla, Steven M. Croce and Glenn A. Bradley from their offices of firefighters and the decisions by Stephen G. Williams, Ronald A. Pisani, Jr. and Philip C. Plante to accept employment elsewhere meant that the plaintiffs became the next three in rank to fill the vacant positions. Chapter VI § 6 of the Waterbury Civil Service regulations states that "[e]ach eligible list shall remain in effect for a period of two years, unless a new examination is held and eligible list established prior to the expiration of the two year period. . . ." No new examination has been held and consequently no new list has superseded the eligible list on which the plaintiffs now appear as the next three highest candidates. Chapter VII §§ 5 and 6 provide in effect that personnel requisitions from department heads are to be filled by the Director of Personnel only from the highest numerical rankings on the eligibility list.
None of the plaintiffs, however, have been interviewed by the Director of Personnel. According to Chapter V § 5 of the Civil Service regulations, the Director of Personnel has some discretion in the hiring process. A candidate successful in all other respects can be disqualified if any of the reasons CT Page 5430 specified in this section become evident.[4] In Mr. Jayaraj's testimony, he stressed the importance and the necessity of the interview.
 III.
In a fairly recent decision, the Supreme Court said that a party seeking a writ of mandamus must establish the existence of three conditions: (1) a clear legal right in the plaintiff to the performance of a duty by the defendant; (2) a lack of discretion in the defendant with respect to the performance of that duty and (3) a lack of an adequate remedy at law by the plaintiff. Hennessey v. Bridgeport, 213 Conn. 656, 659 (1990). The presence of Chapter V § 5 in the Civil Service regulations can only mean that the first and second conditions for the award of a mandamus directing the hiring of the plaintiffs have not been satisfied. The court cannot speculate as to the results of each plaintiff's interview. Further, all requirements of a civil service act are mandatory and must be complied with strictly. Walker v. Jankura, 162 Conn. 482, 489-90 (1972).
Nevertheless, the plaintiffs have demonstrated entitlement to a lesser status of relief. They have proved their right to interviews by the Director of Personnel. The plaintiffs have not asked for this lesser relief and the court is well aware that in its discretion unrequested relief can be denied. Light
v. Board of Education, 170 Conn. 35, 41 (1975). But having come this far and with due consideration for the equitable basis of its discretion, Hennessey v. Bridgeport, supra, the court will order the defendant Edmund Jayaraj, as Director of Personnel to interview each of the plaintiffs pursuant to Chapter V § 5 of the Civil Service regulations.
 IV.
A writ of mandamus is issued directing the defendant Edmund Jayaraj, Director of Personnel for the Waterbury Civil Service System, to interview each of the plaintiffs separately pursuant to the aforesaid Chapter V § 5. All interviews are to be completed by Tuesday, May 31, 1994.
A hearing will be conducted on Monday, June 13, 1994 at 10:00 a.m. in the Juvenile Court Building, 451 Bank St., Waterbury where the undersigned is presently assigned for Mr. Jayaraj to disclose whether the plaintiffs have passed the final CT Page 5431 hurdle of the Civil Service regulations. A successful interview could well lead to a further order of mandamus directing the hiring of one or more of the plaintiffs as firefighters.
The court's understanding of the Waterbury Civil Service scheme is that the defendant Edward D. Bergin, Jr., as Mayor, has no discretion in the hiring of the plaintiffs to fill the three vacant firefighter positions if they are certified by the Director of Personnel following their respective interviews. The discretion of a Mayor to lay off, terminate and perhaps refuse to hire City employees discussed in Hennessey v.Bridgeport, supra at 662-64; Lombardi v. Bridgeport, 194 Conn. 601,611-12 (1984) and Perretta v. New Britain, 185 Conn. 88,102-03 (1981) is limited to situations of municipal financial need. No defense of fiscal stringency was interposed in this case.
BARNETT, J.