MICHAEL TESTA *v.* CITY OF WATERBURY ET AL.
(AC 17775)

Landau, Spear and Hennessy, Js.

Argued January 26—officially released October 12, 1999

*M. Leonard Caine III,* for the appellant (plaintiff).

*Justin J. Donnelly,* with whom, on the brief, was *Melissa E. Schwalbach,* assistant corporation counsel, for the appellees (defendants).

*Opinion*

HENNESSY, J. The plaintiff, Michael Testa, appeals from the judgment of the Superior Court dismissing his appeal from the decision of the defendant civil service commission of the city of Waterbury (commission)[1] on the ground that the court lacked subject matter jurisdiction because there was no statutory authority to bring the appeal. The plaintiff claims that the Superior Court improperly determined that § 1931 of the charter of the city of Waterbury (city charter) allows appeals only from department decisions and, therefore, a decision from the commission, which is not a department, is not appealable pursuant to § 1931. We affirm the judgment of the Superior Court.

The following undisputed facts are relevant to this appeal. The plaintiff applied for a position as a police

---

[1] The city of Waterbury also was named as a defendant and is a party to this appeal.

officer for the city of Waterbury. As required, the plaintiff took a written and a psychological examination. Subsequently, the commission notified the plaintiff that his name had been removed from the eligibility list for that position because he failed the psychological examination. The plaintiff appealed the commission's removal of his name from the eligibility list to the commission pursuant to procedure set forth in chapter 1, § 6, of the Waterbury Civil Service Rules and Regulations. The commission denied his appeal and, thereafter, the plaintiff filed an appeal from the commission's decision in the Superior Court. The commission filed a motion to dismiss, asserting that the court lacked subject matter jurisdiction to hear the appeal because neither the city charter nor the General Statutes provides for a right of appeal from the commission's decision to the Superior Court. The motion was granted by the court and, after judgment was rendered, the plaintiff appealed to this court.

The plaintiff claims that the court improperly dismissed his administrative appeal because § 1931 of the city charter allows any party aggrieved by the actions of a department to appeal to the Superior Court. Relying on two Superior Court cases[2] and dictionary definitions of the word "department," the plaintiff argues that the commission is a department and, therefore, the appropriate mechanism to appeal is through § 1931[3] of the city charter. The commission responds that the only acts appealable under § 1931 are acts of the board of

---

[2] The plaintiff relies on *Balzano* v. *Civil Service Commission*, Superior Court, judicial district of Waterbury, Docket No. 076781 (April 20, 1987), and *McGrew* v. *Civil Service Commission*, Superior Court, judicial district of Waterbury, Docket No. 0128371 (March 15, 1996).

[3] Section 1931 of the city charter provides in relevant part: "Any party who shall feel aggrieved by any act of the board of aldermen or any department may . . . appeal from such action to the Superior Court for the judicial district of Waterbury . . . ."

aldermen or a department and not the acts of a commission.

Although the plaintiff argues that case law supports his view that § 1931 permits for an appeal to the Superior Court from a commission's decision, we are not persuaded by the reasoning contained in the cases he cites. In *McGrew* v. *Civil Service Commission*, Superior Court, judicial district of Waterbury, Docket No. 0128371 (March 15, 1996), the commission denied the applicant permission to take an examination for a police sergeant position because he was a probationary employee and not eligible for the position. The applicant appealed to the Superior Court, and the city moved to dismiss on the ground that the applicant did not comply with the requirements of § 1931 of the city charter. The court denied the motion to dismiss and allowed the appeal, holding that "[i]nasmuch as the applicant is acting pro se this court will give him the benefit of the doubt and treat this action as an appeal." Because the Superior Court addressed the motion on the ground that the applicant did not comply with the requirements of § 1931 of the city charter and did not decide whether the appeal was even permitted under § 1931, we are not persuaded by this case.

In *Balzano* v. *Civil Service Commission*, Superior Court, judicial district of Waterbury, Docket No. 076781 (April 20, 1987), the plaintiff was removed from an eligibility list for the position of police officer due to an unsatisfactory employment record. He appealed to the commission, which denied the appeal. The plaintiff then appealed to the Superior Court and the commission filed a motion to dismiss arguing that the court lacked subject matter jurisdiction to hear the appeal. The court denied the commission's motion to dismiss holding that Waterbury City Code, division 2, § 201, is preempted by General Statutes § 7-422 because the

code is silent as to any method of appeal while the statute explicitly allows an appeal.

General Statutes § 7-422 provides in relevant part: "Any . . . city . . . may, by ordinance, create a personnel appeals board . . . . Said board shall hear and determine any grievance, as defined in such ordinance, *of any employee or group of employees* of such . . . city . . . . The decision of said board may be appealed to the Superior Court . . . ." (Emphasis added.) This statute was not adopted by the city of Waterbury and deals only with grievances by employees. In this case, the plaintiff is not an employee and, as a result, § 7-422 does not apply to him.[4] Therefore, the reasoning in *Balzano* is not applicable.

Because § 7-422 applies only to employees, the determination of whether the Superior Court improperly dismissed the plaintiff's appeal due to lack of subject matter jurisdiction turns on whether § 1931 provides the authority to appeal. "It is well settled that appeals to courts from administrative officers or boards exist only under statutory authority and that unless a statute provides for such appeals, the courts are without jurisdiction to hear them." *Allied Plywood, Inc. v. Planning & Zoning Commission*, 2 Conn. App. 506, 509, 480 A.2d 584, cert. denied, 194 Conn. 808, 483 A.2d 612 (1984). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . . Dismissal is required in such a situation because, if the appellant

---

[4] We note that the commission argues that, although § 7-422 authorizes an appeal to the Superior Court from a grievance decision of a municipal personnel appeals board, that right is granted only to "any employee or group of employees of such . . . city . . . ." The plaintiff does not argue that he was an employee or that this statute is the appropriate mechanism for appeal.

lacks standing to appeal the case, the court lacks jurisdiction to hear the appeal. . . . A jurisdictional defect may be brought to the attention of the court at any time, and, if the court lacks jurisdiction, it must dismiss the case either on the motion of a party or on its own motion." (Citations omitted; internal quotation marks omitted.) *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 640, 662 A.2d 1251 (1995).

Section 1931 of the city charter[5] provides in relevant part that *"[a]ny party who shall feel aggrieved by any act of the board of aldermen or of any department may,* within twenty (20) days after the doing of the act by which he claims to be aggrieved, appeal from such action to the Superior Court for the judicial district of Waterbury . . . ." (Emphasis added.) Upon motion by the commission, the Superior Court concluded that it did not have jurisdiction to hear the plaintiff's appeal because "there is no statutory authority for his appeal. The plaintiff is not an employee of the city of Waterbury, and the civil service commission is not a city department. Both are predicates to appeal."[6] The issue before this court, therefore, is whether the commission is a department.

The plaintiff relies on the definitions of "department" in Black's Law Dictionary (5th Ed. 1979) and Webster's New Collegiate Dictionary (10th Ed. 1979)[7] to support his position that the commission is a department. The

---

[5] Section 1931 of the city charter came into existence pursuant to 21 Spec. Acts 563, No. 499, § 155 (1931).

[6] We note that the Superior Court also was addressing the commission's claim that § 7-422 allows only employees to appeal from decisions of the commission with regard to grievance issues.

[7] The definitions set forth by the plaintiff are as follows: Black's Law Dictionary (5th Ed. 1979) defines the word department, as, inter alia, "a branch or division of governmental administration." Webster's New Collegiate Dictionary (10th Ed. 1979) defines the word department as, inter alia, "a major administrative division of a government."

plaintiff further argues that the court improperly "summarily dismissed" his evidence and determined that the commission was not a department despite the fact that the defendant offered no evidence that the commission was not a department. The plaintiff argues that where terms are not defined by statute and have not been construed by decisional law, the court may look to the common understanding of the words as expressed by their dictionary meaning.

"The interpretation of statutes presents a question of law . . . which is ultimately for the court to decide. . . . Likewise, the interpretation of a charter or ordinance is a question of law. In construing a city charter, the rules of statutory construction generally apply." (Citation omitted; internal quotation marks omitted.) *Fennell* v. *Hartford*, 238 Conn. 809, 826, 681 A.2d 934 (1996). "Rules and regulations adopted pursuant to the authority granted by [a city] charter carry a presumption of validity and have the force and effect of law. . . . When construing a [city] charter, the court must determine the intent of the legislative body that promulgated the rules. . . . To determine the intent of the charter, [t]he enactment must be examined in its entirety and its parts reconciled and made operative so far as possible. . . . Intent is to be ascertained from the language used, if it is plain and unambiguous; or, if it is not, by considering the legislation in the light of all of its provisions, the object which it seeks to accomplish, the pre-existing legislation upon the same subject matter, and all other relevant circumstances. . . . The words used must be accorded their commonly accepted meaning." (Citations omitted; internal quotation marks omitted.) *Meyer* v. *Collins*, 49 Conn. App. 831, 835, 717 A.2d 771 (1998).

"In arriving at the intention of the framers of the charter the whole and every part of the instrument must be taken and compared together. In other words, effect

should be given, if possible, to every section, paragraph, sentence, clause and word in the instrument and related laws." (Internal quotation marks omitted.) *Fennell* v. *Hartford*, supra, 238 Conn. 826. "A city charter also must be construed, if possible, so as reasonably to promote its ultimate purpose. . . . The unreasonableness of the result obtained by the acceptance of one possible alternative interpretation of an act is a reason for rejecting that interpretation in favor of another which would provide a result that is . . . reasonable." (Citation omitted; internal quotation marks omitted.) *Stamford Ridgeway Associates* v. *Board of Representatives*, 214 Conn. 407, 429, 572 A.2d 951 (1990).

In an articulation of its decision to dismiss the plaintiff's appeal, the court stated, without explanation, that the commission is not a department. We note that although the charter does not define the words "department" or "commission," an examination of the city charter as a whole supports the conclusion that the commission is not a department.

Section 210 of the city charter creates the civil service commission, which is to be filled by appointment of commissioners by the mayor for a fixed term. Section 202 of the city charter indicates that commission members serve without compensation and may be removed for "misfeasance, nonfeasance or partisan activity upon notice," and indicates the procedure for removal. Section 205 of the city charter indicates the duties of the commission and provides that "[t]he members of the civil service commission shall hold meetings at least once a month and more often as may be required for the proper discharge of their duties. Said commission shall adopt rules and regulations."

On the other hand, § 203 of the city charter indicates that civil service in the city "shall be administered through a department of personnel . . . and the head

of which shall be a properly qualified person appointed under the rule of three as prescribed in Section 205 (g) of this chapter and such person shall be referred to as the director of personnel. . . ." Under this provision, the commission shall be responsible for setting the salary of and removal from office of the director of personnel. Chapter 1, § 6, of the city charter allows decisions of the director of personnel to be appealed to the commission. The creation of this administrative hierarchy strongly suggests that under the city charter the commission is not a department. Under this hierarchy, the commission creates the rules with regard to civil service, which is administered by the department of personnel. As such, the commission is not part of the department of personnel.

We conclude that the Superior Court properly determined that the commission is not a department. As a result, the plaintiff's appeal was not taken from the act of a "department," as required by the city charter, and, therefore, the court properly determined that it did not have jurisdiction to hear the plaintiff's appeal under § 1931 of the city charter.

The judgment is affirmed.

In this opinion the other judges concurred.