[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In the substituted complaint, which is the operative pleading, the plaintiffs assert an action in quo warranto. Specifically, the plaintiffs contest the conduct of the defendants in deciding the eligibility of the plaintiffs and other applicants for positions as firefighters for the city of Norwalk. Quo warranto is defined as "a writ . . . against him who claimed or usurped an office . . . to inquire by what authority he supported his claim. . . ." (Emphasis in original.) Black's Law Dictionary (5th Ed. 1979). An action in quo warranto is a "legal action whereby legality of exercise of powers by municipal corporation may be placed at issue." Id.
Pending before the court is the defendants' motion for summary judgment on the substituted complaint. The defendants filed three memoranda of law in which they advance the following arguments in support of their contention that they are entitled to summary judgment: The plaintiffs do not have standing to pursue an action in quo warranto; the plaintiffs failed to name as defendants several individuals who are necessary parties to their complaint; the plaintiffs failed to cite statutory authority for their "appeal" of the decisions at issue; and the defendants are immune from liability for damages pursuant the doctrine of municipal immunity.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 17-49.
 I. Standing
The defendants argue that the plaintiffs do not have standing to pursue an action in quo warranto because they are not entitled to the positions at issue.[1] In effect, the defendants argue that the plaintiffs lack standing because they do not have a clear and immediate right to claim the positions. In response to CT Page 3848 a similar argument, in Carleton v. Civil Service Commission,10 Conn. App. 209, 522 A.2d 825 (1987), the court stated, "[t]his argument is without merit and misconstrues the nature of a quo warranto proceeding. A quo warranto action seeks to oust an illegal incumbent from public office, not to induct a rightful claimant into the office. A successful action in quo warranto ousts the wrongful office holder and declares the position vacant . . . a claimant may then proceed in mandamus to seek his own appointment to the position if he can establish his own clear legal right thereto." Id., 214-15. See also New Haven FirebirdSociety v. Board of Fire Commissioners, 219 Conn. 432, 436,593 A.2d 1383 (1991).[2] In Carleton v. Civil Service Commission, supra, 10 Conn. App. 216, the court explained that the plaintiff, as an individual who was among those eligible for the position in question, was "[o]ne entitled to claim the office . . . [and therefore] has the requisite interest in the office giving him standing to seek such a writ."
Therefore, the issue of whether the plaintiffs have a clear and immediate right to claim the positions at issue does not arise at the quo warranto stage. At this stage the plaintiffs have standing if they were eligible for the positions. The defendants do not present evidence that the plaintiffs did not met the eligibility requirements listed by the defendants in the document announcing openings for firefighter positions. The defendants fail to establish, as a matter of law, that the plaintiffs do not have the standing required to assert a cause of action in quo warranto.
 II. Necessary Parties
The defendants assert that they are entitled to summary judgment because the plaintiffs have failed to name as defendants individuals whom the defendants contend are necessary parties. The defendants contend that "it is well-recognized that a quo warranto action is against the person and not against the office." (Defendants' [First] Supplemental Memorandum of Law, p. 6.) In fact, there is also authority for the proposition that in a quo warranto action, "[t]he writ is not directed against the officer personally, but the office itself." Meyer v. Collins, Superior Court, judicial district of Tolland at Rockville, docket No. 62010, (February 4, 1997, Klaczak, J.) (19 Conn.L.Rptr. 85, 86), aff'd on other grounds, 49 Conn. App. 831, 717 A.2d 771
(1998). CT Page 3849
Moreover, "the exclusive remedy for nonjoinder of parties is by motion to strike. . . . This exclusive remedy applies to nonjoinder of indispensable parties." (Internal quotation marks omitted.) George v. St. Ann's Church, 182 Conn. 322, 325,438 A.2d 97 (1980).
 III. Statutory Authority
The defendants next characterize the plaintiffs' action as an appeal from an administrative decision and assert that such decisions may be appealed only if a statute authorizes an appeal. They contend that they are entitled to summary judgment because the plaintiffs fail to cite any such statute. In support of their argument on this issue, the defendants cite to Testa v.Waterbury, 55 Conn. App. 264 738 A.2d 740 (1995). That case involved an administrative appeal, not a quo warranto proceeding, and is therefore inapposite.
As noted by the plaintiffs, an action in quo warranto is not an action to appeal a decision of a government agency. "[A] quo warranto action tests a defendant's right to hold an office de jure." Civil Service Commission v. Pekrul, 42 Conn. Sup. 107,110, 601 A.2d 1044 (1991), aff'd, 221 Conn. 12, 601 A.2d 538
(1992). Statutory authority for an action in quo warranto is found in General Statutes § 52-491, which provides: "When any person or corporation usurps the exercise of any office, franchise or jurisdiction, the superior court may proceed, on a complaint in the nature of a quo warranto, to punish such person or corporation for such usurpation, according to the course of the common law and may proceed therein and render judgment according to the course of the common taw. Furthermore, "[i]t is settled law that except as otherwise provided by statute, quo warranto is the exclusive method of trying the title to an office. . . ." Scully v. Westport, 145 Conn. 648, 652,145 A.2d 742 (1958).
 IV. Municipal Immunity
The defendants assert that they are entitled to summary judgment pursuant to the theory of municipal immunity because the plaintiffs seek relief in the form of monetary damages.[3] If the defendants are asserting that the doctrine of municipal immunity precludes the plaintiffs from obtaining monetary relief, their assertion applies only to the plaintiffs' prayer for relief. "[A] prayer for relief does not constitute a cause of CT Page 3850 action and, thus, a motion to strike rather than a motion for summary judgment, is the only pretrial method to attack a prayer for relief." Dallicker v. Maritime Center of Norwalk Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130200 (April 15, 1997, Lewis, J.). See alsoSeymour Board of Finance v. O'Toole, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 59079 (July 31, 1997, Thompson, J.) (20 Conn.L.Rptr. 215); Hoey v. Textron,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270203 (March 17, 1994, Rodriquez, J.) (9 C.S.C.R. 423); Practice Book § 10-39(a).
If, on the other hand, they are asserting that municipal immunity precludes the plaintiffs from bringing a cause of action in quo warranto, regardless of the relief sought, their assertion would negate one of the primary purposes for this cause of action. Indeed, the statute that the defendants cite in support of their assertion of immunity provides that a municipality may be held liable for damages caused by discretionary acts or omissions if "otherwise provided by law. . . ." General Statutes § 52-557n (a) (2) (B). As noted above, a cause of action in quo warranto is expressly authorized by General Statutes § 52-491. Thus even if an action in quo warranto might not provide for the specific monetary damages claimed by the plaintiffs, such an action is clearly authorized by law. Moreover, General Statutes § 52-493 provides, "[a]ny court having cognizance of writs of . . . quo warranto . . . may, in any action pending before it, make any order, interlocutory or final, in the nature of any such writ, to the extent of its jurisdiction, so far as it may appear to be an appropriate form of relief."
The defendants have not established that they are entitled to summary judgment as a matter of law. Thus, their motion for summary judgment is denied.
D'ANDREA, J