[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REINSTATE (NO. 123)
Pursuant to General Statutes § 12-117a, the Westport Office Company (Westport Office) appealed the decision of the Board of Assessment Appeals of the town of Westport (the town of Westport) to the court. On or about January 29, 1998, Westport Office sold the property that was the subject of the appeal to Vornado-Westport L.L.C. (Vornado). Subsequently, Westport Office and Vornado filed a motion to substitute Vornado as the plaintiff in the appeal, and the court (Karazin, J.) granted the motion. Westport Office then filed a motion to reinstate itself as a plaintiff or in the alternative cite itself in as an additional party, and the town of Westport has objected. The town of Westport argues that the motion to substitute deprives the court of subject matter jurisdiction over the claims of Westport Office; therefore, Westport Office has no interest in the appeal. CT Page 7802
The court holds that the motion to substitute does not deprive it of subject matter jurisdiction over the claims of Westport Office pursuant to § 12-117a.[1] "A statutory right to appeal maybe taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with . . . [then] the court lacks jurisdiction to hear the appeal." (Internal quotation marks omitted.) Testa v. Waterbury, 55 Conn. App. 264, 268,738 A.2d 740 (1999). Here, the town of Westport does not argue that the court lacked subject matter jurisdiction when Westport Office originally commenced the appeal in 1996. Moreover, the motion to substitute Vornado as the plaintiff failed to contain a waiver of Westport Office's claims against the town of Westport. Accordingly, the court holds that the motion to substitute does not deprive it of subject matter jurisdiction over Westport Office's claims.
Pursuant to Practice Book § 9-20, the court grants Westport Office's motion to be cited in as an additional plaintiff. Practice Book § 9-20 provides for the addition of a plaintiff "when any action has been commenced in the name of the wrong person as plaintiff, the judicial authority may, if satisfied that it was so commenced through mistake and that it was necessary for the determination of the real matter in dispute so to do." "As long as [the] defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added. . . ." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Retirement Management Group, Inc.,31 Conn. App. 80, 84, 623 A.2d 517, cert. denied,226 Conn. 908, 625 A.2d 1378 (1993). Here, the court finds Westport Office and Vornado mistakenly moved to substitute Vornado as the plaintiff, rather than moving to add Vornado as an additional plaintiff. The court further finds that Westport Office is an indispensable party to this action because it owned the subject property for three of the years involved in the present tax appeal. Moreover, the court finds that the town of Westport will not be prejudiced by the addition of Westport Office because the town of Westport had notice of Westport Office's claims from the outset of the appeal. Accordingly, the court grants Westport Office's motion to cite itself in as an additional plaintiff.[2]
MINTZ, J.