[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#120)
The plaintiff, Patricia Stosuy, is employed by the defendant, city of Stamford, as a police clerk matron. On December 29, 1997, the human resources department of the city of Stamford posted an announcement for a promotional examination for the position of assistant town clerk. The plaintiff applied for the position and the defendant's human resources division denied the plaintiffs application on the ground that she lacked the necessary qualifications for the position. The plaintiff appealed the decision and the defendant allowed her to take the promotional examination on a provisional basis. Nevertheless, the defendant did not score the exam.
On February 17, 1998, the human resources division posted an eligibility list for the position of assistant town clerk based on the promotional test scores. The plaintiffs name did not appear on the list. On February 18, 1998 the defendant's human resources division notified the plaintiff that her appeal would be heard before the personnel commission on February 26, 1998. On February 26, 1998, after the hearing, the personnel commission voted to deny the plaintiffs appeal, and upheld the decision of the human resources department. On March 24, 1998, the plaintiff filed a grievance with her union, the Stamford Municipal Employees Association, UAW and was thereafter notified that the union would not be representing her with regard to the "promotion issue".
The defendant now moves for summary judgment on counts three, four and five.[1]
The defendant argues that the collective bargaining agreement between the plaintiffs union and the city of Stamford does not provide for individual employees to bring lawsuits against the employer in the Superior Court. Therefore, the defendant argues that the court lacks subject matter jurisdiction because the plaintiff has no standing. In response, the plaintiff argues that she has exhausted all of her administrative remedies.
"Ordinarily a court may entertain a suit by an individual employee to enforce the terms of a collective bargaining agreement only if the agreement so provides. . . . An employee does, however, have standing to enforce the terms of a collective bargaining agreement if the employee claims that the union has breached its duty of fair representation." (Citations omitted.) Labbe v. Pension Commission, 239 Conn. 168, 182,682 A.2d 490 (1996).
In the present case, the plaintiff makes no claim that the union breached its duty of fair representation. The defendant has put forth the collective bargaining agreement and an affidavit as evidence that there CT Page 10336 is no provision in the plaintiffs collective bargaining agreement for individual enforcement. The plaintiff has failed to put forth any evidence to the contrary. It is submitted that an examination of the collective bargaining agreement reveals that there is no provision in the agreement that provides for a suit by an individual employee. Summary judgment is therefore granted as to counts three and four because the plaintiff does not have standing to bring her claims of breach of contract and breach of an implied covenant of good faith and fair dealing.
The fifth count of the plaintiffs complaint alleges a violation of the Municipal Employee Relations Act (MERA), General Statutes § 7-407 et seq. The defendant argues that it is entitled to summary judgment on count five because, inter alia,[2] the plaintiff has failed to take a timely appeal from the personnel commission's decision, and, therefore, the court lacks subject matter jurisdiction.[3] In response, the plaintiff argues that General Statutes § 7-422 preempts the city charter because the city charter does not have a provision for appeal. In addition, the plaintiff argues that the defendant waived the timely appeal requirements.
As a threshold matter, General Statutes § 7-422 is not applicable to the plaintiffs claims for two reasons. First, the decision from which the plaintiff appeals was a decision of Stamford's personnel commission, and not the personnel appeals board. (See Pl. Compl. ¶¶ 20-22; Cislov. Shelton, 35 Conn. Sup. 645, 653, 405 A.2d 84 (1978); Testa v.Waterbury, 55 Conn. App. 264, 267, 738 A.2d 740 (1999).) Second, the city of Stamford created its personnel appeals board and its personnel commission pursuant to Stamford's town charter and not the general statutes. See Affidavit of Sally Serafino.[4] Therefore, General Statutes § 7-422 is inapplicable in the present case. However, the plaintiff argues that the charter is preempted by General Statutes §7-422 because the charter does not contain provisions for appeal.
Stamford's town "charter provisions for administrative review have prepared a straight and easy route for the [plaintiff] to assert [her] claim." Sharkey v. Stamford, 196 Conn. 253, 259, 492 A.2d 171 (1985). Section C6-150-2 of the town charter provides: "Any employee aggrieved by any order, action, or decision of the Personnel Commission or the Personnel Appeals Board shall have the right to appeal, within fifteen days of said order, action or decision, to a court of competent jurisdiction in the manner prescribed by law for appeals from municipal boards." The record reflects that the defendant notified the plaintiff of its final decision on February 27, 1998. The time for appeal, therefore, began to run on February 27, 1998. Nonetheless, the present action did not commence until November 16, 1998.[5] Therefore, the court lacks subject matter jurisdiction because the plaintiff has failed to take a CT Page 10337 timely appeal from the decision of the personnel commission. Accordingly, the defendant's motion for summary judgment on count five of the plaintiffs complaint is granted.
RUSH, J.