NEW HAVEN FIREBIRD SOCIETY ET AL. *v.* BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW HAVEN ET AL.
(14187)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued April 25—decision released July 9, 1991

*Joseph D. Garrison,* with whom, on the brief, was *JoNel Newman,* for the appellants (plaintiffs).

*Martin S. Echter,* deputy corporation counsel, for the appellees (named defendant et al.)

COVELLO, J. This is an appeal from a judgment of the trial court denying the plaintiffs' application for injunctive relief and a declaratory judgment. The issue presented is whether the trial court properly denied the plaintiffs' claim for injunctive relief and a declaratory judgment for the reason that an adequate remedy at law was available through quo warranto or mandamus proceedings. We reverse and remand to the trial court for further proceedings.

The plaintiffs introduced evidence tending to establish the following.[1] The plaintiffs, the New Haven Fire-

[1] The defendants moved for a dismissal for failure to make out a prima facie case pursuant to Practice Book § 302 at the close of the plaintiffs' evidence. As required by Practice Book § 302, the trial court considered the evidence introduced by the plaintiffs in the light most favorable to them. *Berchtold* v. *Maggi,* 191 Conn. 266, 271, 464 A.2d 1 (1983).

Practice Book § 302 states: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

bird Society (Firebirds) and its individual members, are firefighters in the city of New Haven who are challenging certain promotional practices of the defendant New Haven fire department (fire department). Promotions in the fire department are made from eligibility lists prepared by the civil service commission of the city of New Haven after competitive examinations. The candidates are ranked by score and promotions are then made from among the top three candidates. The choice of which of the top three ranked individuals should be appointed to the next available promotion is entirely within the discretion of the city. According to civil service rules, eligibility lists remain in effect for a period of at least one year but not more than two years from the date of their promulgation. When a list expires, a new test must be administered in order to assemble a pool of candidates for any further promotions.

For approximately thirty years, the fire department's promotional system has included a mechanism whereby those on a given promotion list are appointed, just prior to expiration of the eligibility list, to positions that are not yet vacant. This procedure is called "promoting subject to assignment" or "stockpiling." Once a position becomes available, after expiration of the list, those on the "subject to assignment" list are selected as needed for the newly available positions. The trial court found that the appointing authority, the board of fire commissioners, made appointments from the eligibility list, on the eve of its expiration, to positions that were not then vacant. Subsequently, some candidates from the stockpile list were placed in jobs while others remained on the list. The trial court further found that the eligibility list based on the fire lieutenant and fire battalion chief exams expired on March 31, 1988, and that the eligibility list for fire captain expired on December 31, 1989.

The plaintiffs, claiming that the existing promotion method effectively deprived them of equal employment opportunities, filed this suit in August, 1989, on behalf of themselves and all others similarly situated. The complaint sought a declaratory judgment that promotions subject to assignment violate the city charter and civil service rules and that promotions after March 31, 1988, were illegal and void, and must be vacated. The suit further sought preliminary and permanent injunctions pursuant to General Statutes § 52-471 et seq. enjoining the defendants from implementing promotions from the expired lists.[2]

At the close of the plaintiffs' evidence, the defendants moved for a dismissal for failure to make out a prima facie case pursuant to Practice Book § 302. The trial court granted the motion. In its decision, the trial court determined that the plaintiffs had an adequate remedy through another form of procedure, specifically by a quo warranto or mandamus action. The plaintiffs appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

The plaintiffs first argue that the trial court improperly concluded that quo warranto and mandamus actions are available and provide adequate remedies at law. Both parties agree that mandamus is not available.[3]

---

[2] General Statutes § 52-471 provides: "GRANTING OF INJUNCTIONS. (a) Any judge of any court of equitable jurisdiction may, on motion, grant and enforce a writ of injunction, according to the course of proceedings in equity, in any action for equitable relief when the relief is properly demandable, returnable to any court, when the court is not in session. Upon granting of the writ, the writ shall be of force until the sitting of the court and its further order thereon unless sooner lawfully dissolved.

"(b) No injunction may be issued unless the facts stated in the application therefor are verified by the oath of the plaintiff or of some competent witness."

[3] A party seeking mandamus must establish: "(1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that

The present dispute, therefore, concerns the availability and adequacy of a quo warranto action.

Actions in quo warranto are governed by General Statutes § 52-491.[4] A successful quo warranto action unseats an illegal office holder and declares the position vacant. It does not place the rightful claimant into the office. If the claimant can thereafter establish his clear right to the position, he may bring an action in mandamus to seek his own appointment. *Beccia* v. *Waterbury,* 185 Conn. 445, 456–57, 441 A.2d 131 (1981).

In a quo warranto proceeding, the title to be challenged must be a public office. *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 400, 74 A. 759 (1909). Quo warranto may not be used to challenge the appointment of a mere government employee. *State ex rel. Neal* v. *Brethauer,* 83 Conn. 143, 146, 75 A. 705 (1910). *Brethauer* established two criteria to determine whether a governmental position constitutes a public office within the meaning of the quo warranto statute: (1) It must have its source in a sovereign authority speaking through the constitution or legislation; and (2) its incumbent, by virtue of his incumbency, must be invested with some portion of the sovereign power which he is to exercise for the benefit of the public. *Id.*

the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law." *Vartuli* v. *Sotire,* 192 Conn. 353, 365, 472 A.2d 336 (1984). Since promotions from even legally promulgated lists were subject to a number of conditions, e.g., the city's discretionary choice among the top three candidates, all parties agreed that mandamus was not available here.

[4] General Statutes § 52-491 provides: "When any person or corporation usurps the exercise of any office, franchise or jurisdiction, the superior court may proceed, on a complaint in the nature of a quo warranto, to punish such person or corporation for such usurpation, according to the course of the common law and may proceed therein and render judgment according to the course of the common law."

The plaintiffs argue that firefighters are not public officers and that quo warranto, therefore, will not lie. We do not agree.

We have previously held that rank and file firefighters and the closely analogous position of police officers are public officers. *Bartlett* v. *Rockville,* 150 Conn. 428, 430, 190 A.2d 690 (1963) (police officers are public officers); *McKeithen* v. *Stamford,* 149 Conn. 619, 622, 183 A.2d 280 (1962) (police officers are public officers); *McDermott* v. *New Haven,* 107 Conn. 451, 453, 140 A. 826 (1928) (police officers are public officers); *McDonald* v. *New Haven,* 94 Conn. 403, 412, 109 A. 176 (1920) (firefighters and police officers are public officers). The plaintiffs have provided no reasoned argument why we should depart from this long standing line of cases.

The plaintiffs further claim that even if firefighters are held to be public officers for the purposes of quo warranto, they cannot obtain the relief they seek through the quo warranto mechanism. They argue that since quo warranto is only available retrospectively, once a position has been illegally occupied, the relief which would enjoin future illegal appointments from expired lists cannot be obtained through quo warranto. The plaintiffs contend that the quo warranto action would reach only their claim for retrospective relief, i.e., the request for a declaratory judgment that promotions after March 31, 1988, are illegal and void and must be vacated. They argue that quo warranto would not address their requests for preliminary and permanent injunctions enjoining the defendants from implementing promotions from the expired lists and for a declaratory judgment holding that the defendants' actions violate the city charter and civil service rules. We agree.

Quo warranto is available to the plaintiffs but it is not an adequate remedy in this case. While the posi-

tions that are held by persons promoted from the stockpile list certainly are of concern to the plaintiffs, the hiring process itself is the root of the problem. Quo warranto may oust individuals illegally occupying public offices but it lacks the efficacy of an injunction in preventing the defendants from continuing this practice in the future. It is not reasonable to compel the plaintiffs to bring an action in quo warranto each time a promotion from the "subject to assignment" list occurs. The tenets of judicial economy dictate a more efficient procedural path.

The defendants' reliance on *State ex rel. Gaski* v. *Basile,* 174 Conn. 36, 381 A.2d 547 (1977), to establish that declaratory and injunctive relief should be denied when quo warranto is available is misplaced. In *Basile,* the dispute was limited to two persons eligible for the position of fire chief of the city of Bristol. We concluded that the defendant had been appointed illegally by the mayor rather than by the city council and the board of fire commissioners. We held that he should be ousted from the position in accordance with the quo warranto action. Since quo warranto was available and an adequate remedy at law, the demand for declaratory and injunctive relief was denied. *Basile* is distinguishable from the present case. In *Basile,* there was no evidence of anything but a single, discrete dispute between two candidates for the position of fire chief. The New Haven fire department, on the other hand, has allegedly practiced stockpiling for over thirty years and has, allegedly, consistently violated the hiring guidelines delineated in the city charter. While quo warranto was appropriate in *Basile,* because of the continuing nature of the present allegations of wrongdoing, quo warranto is not an adequate remedy at law in this action.

Since quo warranto is available but is not an adequate remedy at law, the trial court should not have granted the defendants' Practice Book § 302 motion.

The judgment is reversed and the matter is remanded for a determination on the merits.

In this opinion the other justices concurred.