J AND B CONSTRUCTION AND CONTRACTING SERVICES, INC. *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.
(AC 15910)

Dupont, C. J., and Landau and Hennessy, Js.

Argued February 24—officially released July 15, 1997

---

*Jill Hartley,* with whom was *Randall J. Sabia,* for the appellant (plaintiff).

*Ivan A. Ramos,* with whom, on the brief, was *Kevin G. Dubay,* corporation counsel, for the appellee (named defendant).

*John F. McKenna,* with whom, on the brief, was *Rebecca B. Lamont,* for the appellee (defendant Connecticut Prison Association).

*Opinion*

LANDAU, J. The plaintiff, J and B Construction and Contracting Services, Inc., appeals from the judgment of the trial court dismissing its appeal from the decision of the defendant Hartford zoning board of appeals (board), which granted the application of the defendant Connecticut Prison Association, for a variance from the city of Hartford zoning ordinances.[1] On appeal, the plaintiff claims that the trial court improperly (1) found that the prison association had standing to apply for the variance and (2) failed to find that the board acted arbitrarily, illegally or abused its discretion in concluding that a hardship existed.

A review of the following facts found by the court, which are undisputed by the parties, facilitates an understanding of the issues in this appeal. The property

---

[1] The prison association is a not-for-profit organization that provides residential, supportive and rehabilitative services to persons charged with or convicted of certain types of less serious criminal offenses. Approximately 90 percent of the prison association's clients are Hartford residents. The prison association proposes to use the buildings both as a residence for some of its clients and as a center for educational, rehabilitative and vocational services.

that is the subject of this appeal consists of four vacant office buildings located at 117-123 Washington Street in Hartford. The buildings have been vacant for approximately ten years and are in a neighborhood of various land uses including state offices, courthouses, multi-family dwellings, businesses and other residences converted to office use. In March, 1995, the prison association applied for a variance permitting it to use the buildings as rehabilitation homes, as defined in the Hartford zoning code.[2] The prison association requested the variance because 117-123 Washington Street is situated in a residential-office zone (RO-1), in which rehabilitation homes are not permitted, and the property does not meet the minimum side and rear lot requirements for rehabilitation homes imposed by the Hartford zoning code. At the time of the application, the prison association was not the record owner of the property nor did it have any formal leasehold interest in the premises. It intended to enter into a formal rental agreement with the owner, Sun Life Insurance of America, Inc. (Sun Life), upon final approval of the variance.[3]

The application lists the prison association as the applicant and Sun Life as the owner of the property. On April 4, 1995, the board held a public hearing on the prison association's application. On April 7, 1995, the board granted the application. On April 24, 1995,

[2] Section 35-2 of the Hartford zoning code defines a rehabilitation home as "a dwelling housing a group of persons during a period in which such persons are being housed for periods of more than one (1) day in that dwelling for the primary purpose of undertaking a program of social rehabilitation or other similar program."

[3] In its brief submitted to the trial court, the prison association averred that, at the time of the application, Pinnacle Realty had an option to purchase the premises from the owner, that Pinnacle Realty had entered into lease negotiations with the prison association and that it had authorized the prison association to act on its behalf. No option agreement was ever offered into evidence nor was the relationship disclosed to the board prior to the granting of the variance.

the plaintiff challenged the board's decision by filing an appeal with the trial court naming the board and the prison association as defendants. The plaintiff argued that, because the prison association was neither the owner nor lessee of the property, it lacked standing to seek a variance and, further, that it failed to demonstrate the hardship required to obtain a variance. The trial court found that the prison association had standing because it was a real party in interest due to its future right of possession and that sufficient hardship existed. The trial court, therefore, dismissed the plaintiff's appeal. The plaintiff filed a petition for certification to appeal to this court, which was granted on April 10, 1996.

Before we reach the plaintiff's claims, we must first determine whether the proper parties were before the trial court. The defendant board argues that the dismissal of this appeal should be sustained on the alternate ground that Sun Life was an indispensable party to this action and was not joined in the trial court. It has been well established that parties are "indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final [disposition] may be . . . inconsistent with equity and good conscience." (Internal quotation marks omitted.) *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 225 n.10, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997), quoting *Sturman* v. *Socha*, 191 Conn. 1, 6, 463 A.2d 527 (1983). In *Fong* v. *Planning & Zoning Board of Appeals*, 212 Conn. 628, 633, 563 A.2d 293 (1989), our Supreme Court concluded that an applicant who receives a favorable decision from a planning and zoning board of appeals is a necessary and indispensable party to an appeal by persons aggrieved by the decision

"because were the appeal to be sustained the result would be the invalidation and deprivation of rights granted to the applicant by the zoning board." (Internal quotation marks omitted.) See also *Shulman* v. *Zoning Board of Appeals*, 143 Conn. 182, 183, 120 A.2d 550 (1956); *Kuehne* v. *Town Council*, 136 Conn. 452, 462, 72 A.2d 474 (1950); *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 218, 220, 43 A.2d 304 (1945).

Here, the application lists the prison association as the applicant and Sun Life as the owner of the property. The record reflects that the board referred to this matter as "case number 3: Connecticut Prison Association/Sun Life Insurance of America requesting variances . . . ." Further, notice of the subsequently granted variance has been filed in the Hartford land records and lists Sun Life as the owner of the property. By virtue of the board's granting of the variance, Sun Life acquired a special interest in the subject matter of any appeal resulting from the proceeding that might deprive it of the benefit of the outcome before the board. See *Fong* v. *Planning & Zoning Board of Appeals*, supra, 212 Conn. 633–34. We conclude, therefore, that Sun Life was an indispensable party to the appeal from the board's decision.[4]

Having concluded that Sun Life was an indispensable party, we must determine whether this case should be

---

[4] The prison association states in its brief that Pinnacle Realty is the current owner of the property. If, in fact, Pinnacle Realty is the owner of the property, then it is an indispensable party to this appeal. It is well settled that a variance runs with the land and is not personal in nature. General Statutes § 8-6 (b) provides: "Any variance granted by a zoning board of appeals shall run with the land and shall not be personal in nature to the person who applied for and received the variance. A variance shall not be extinguished solely because of the transfer of title to the property or the invalidity of any condition attached to the variance that would affect the transfer of the property from the person who initially applied for and received the variance." See *Reid* v. *Zoning Board of Appeals*, 235 Conn. 850, 858, 670 A.2d 1271 (1996).

dismissed or remanded for further proceedings. In *Fong* v. *Planning & Zoning Board of Appeals*, supra, 212 Conn. 635, the court further concluded that the failure to join an indispensable party does not result in a lack of subject matter jurisdiction and require dismissal of the appeal. The court distinguished the situation where a statute that authorizes the appeal requires a designated party to be made a party, concluding that the failure to include such a party constituted noncompliance with its terms and, thus, involved subject matter jurisdiction. See *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 421, 533 A.2d 879 (1987), modified, 206 Conn. 374, 538 A.2d 202 (1988). Relying, inter alia, on General Statutes § 52-108 and Practice Book § 100, which prohibit the defeat of an action for nonjoinder and misjoinder of parties, the court ordered that the case be remanded to the trial court for the purpose of a new trial with the proper parties.

In the present case, Sun Life was an indispensable party to the appeal, and, similar to the applicant in *Fong*, its presence in the appeal was not statutorily mandated. Accordingly, we remand the case for a new trial of the appeal with the proper parties. As a result, we do not reach the merits of the appeal.

The judgment is reversed and the case is remanded so that the proper parties may be joined and for a new trial.

In this opinion the other judges concurred.