[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MUNICIPAL DEFENDANTS' MOTION TO STRIKE DOCUMENT CAPTIONED SECOND SUBSTITUTED COMPLAINT AND FILED WITH LEAVE JANUARY 8, 2001 (#170) BACKGROUND
This is a lawsuit brought by African American members of the New Haven Fire Department challenging the promotional practice known as "underfilling."[1] The defendants, City of New Haven, New Haven Department of Fire Services, New Haven Board of Fire Commissioners and New Haven Civil Service Commission (hereinafter the "City") have moved to strike the plaintiffs Second Substituted Complaint dated January 4, 2001. The procedural history in this case is complicated and no attempt CT Page 5424 will be made here to fully summarize it. of note, however, are two prior memoranda of decision ruling on the City's earlier motions to strike. On May 16, 2000, the court (Levin, J.) granted, in large part, the City's motion to strike the Third Amended Complaint. Thereafter, on December 5, 2000, this court granted the City's motion to strike both counts of the Substituted Complaint. Familiarity with these two decisions is presumed. Following the ruling by this court, the plaintiff pled over by filing the present Second Substituted Complaint. For the reasons set forth below, the City's motion to strike the Second Substituted Complaint is denied.
The Second Substituted Complaint, in substance, asserts that the City has engaged in the practice of so-called underfilling and that such practice: (1) has a discriminatory impact on African American firefighters and favors Caucasian firefighters; (2) violates the City's civil service rules and regulations; (3) breaches the intent, spirit and letter of the City's affirmative action plan; and (4) is in derogation of the New Haven City Charter. The complaint seeks declaratory relief declaring the practice of underfilling illegal and injunctive relief (1) forbidding the future utilization of underfilling, barring the City from administering further promotional examinations and publishing and/or certifying results, and (2) voiding all promotions made through underfilling.
The City asserts five grounds in support of the present motion to strike: (1) that the Second Substituted Complaint fails to join necessary parties; (2) that the Second Substituted Complaint is the same as the Substituted Complaint previously ordered stricken; (3) that the plaintiffs lack standing; (4) that the Second Substituted Complaint fails to state a claim of illegality regarding underfilling; and (5) that the Second Substituted Complaint lacks an independent claim for declaratory relief pursuant to General Statutes § 52-29.
 DISCUSSION 1. Failure to Join Necessary Parties
In his memorandum of decision regarding the City's motion to strike the Third Amended Complaint, Judge Levin stated:
 "Therefore, the defendants are ordered to advise the plaintiffs promptly in writing of the names and addresses of the ten appropriate motion to join those persons as parties defendant. lieutenants in question[2]
the plaintiffs are ordered to make an Until there is compliance with Practice Book § 17-56(b), the court will not adjudicate the merits of this dispute. . . ." CT Page 5425
In this court's memorandum of decision regarding the City's motion to strike the Substituted Complaint, it was stated that if the plaintiffs elected to plead over, compliance with Judge Levin's order was required.
It is noteworthy that neither Judge Levin nor this court found that the plaintiff's failure to join these ten lieutenants as parties was a basis to strike the complaint. It is true that Judge Levin reasoned that since the ten underfilled lieutenants could lose their jobs if plaintiffs prevailed, they were "entitled not only to notice but to party status."
As applicable here, Practice Book § 17-56(b) provides:
 All persons who have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action shall be made parties to the action or shall be given reasonable notice thereof. (Emphasis added).
The record reflects that the plaintiffs sent regular and certified mail notice of the requested declaratory judgment to each person identified by the City as being underfilled, including the ten lieutenants referenced by Judge Levin.
It is clear that Practice Book § 17-56(b) sets forth alternative methods to allow persons who may be adversely affected by a requested declaratory judgment to protect their interests. They may be made parties to the action or given reasonable notice.
Judge Levin ordered compliance with § 17-56 (b). For purpose of the present motion to strike, this court finds that the notice sent by the plaintiffs adequately complies with § 17-56 (b). To the extent that this notice is something less than strict compliance with Judge Levin's order, this court is modifying its earlier ruling.
The motion to strike based on nonjoinder of necessary parties is denied.
2. Second Substituted Complaint Same as Substituted Complaint
The City asserts that the present complaint is the same as the Substituted Complaint ordered stricken by this court. This is not persuasive.
The Substituted Complaint asserted due process and equal protection claims based on alleged violations of federal statutes and the state CT Page 5426 constitution. Moreover, monetary damages were claimed in addition to injunctive and declaratory relief. The present Second Substituted Complaint, while incorporating many of the same factual allegations, does not make any equal protection or due process claims, but rather seeks only a declaratory judgment that underfilling is illegal. Shorn of these constitutional claims, the present complaint is comparable to an earlier challenge to another promotional practice of the New Haven Fire Department known as "stockpiling" that was deemed justiciable by the F. Supreme Court. See New Haven Firebirds Society v. Board of FireCommissioners, 219 Conn. 432, 438 (1991).
The motion to strike on this ground is denied.
3. Standing
This court has previously ruled that both the firefighter and lieutenant plaintiffs have a sufficient colorable claim of injury so as to have standing to bring suit.
The motion to strike on the ground of lack of standing is denied.
4. Failure to State a Claim of illegality Regarding Underfilling
As discussed above, the Second Substituted Complaint alleges that underfilling violates provisions of the City's civil service rules, affirmative action plan and charter. In moving to strike, the City asserts that none of these alleged violations exist. In making this argument, the City relies on materials beyond the complaint itself. Such a "speaking" motion to strike is not permitted. Doe v. Marselle,38 Conn. App. 360, 364 (1995), rev'd. on other grounds, 236 Conn. 845
(1996). It may well be that the plaintiffs cannot prove their claims; but construing the complaint in their favor, it is sufficient to withstand a motion to strike.
The motion to strike on this ground is denied.
5. Failure to Comply with General Statutes § 52-29
The City asserts that the Second Substituted Complaint does not expressly plead a claim for declaratory relief. Construing the complaint most favorably to the plaintiffs, the court finds that an adequate request for declaratory relief has been made.
The motion to strike on this ground is denied.
 CONCLUSION
CT Page 5427
For the reasons set forth above, the City's motion to strike the Second Substituted Complaint is denied.
So Ordered at New Haven, Connecticut this 18th day of April, 2001.
Devlin, J.