JAMES DEMAREST ET AL. *v.* FIRE DEPARTMENT OF THE CITY OF NORWALK ET AL.
(AC 22262)

Lavery, C. J., and Schaller and West, Js.

Argued October 15, 2002—officially released April 1, 2003

*Jerry V. Leaphart*, for the appellants (plaintiffs).

*M. Jeffry Spahr*, for the appellees (defendants).

*Opinion*

SCHALLER, J. The plaintiffs, James Demarest and John Bolton, appeal from the judgment of the trial court rendered in favor of the defendants in this quo warranto action challenging the defendants'[1] hiring of certain firefighters. On appeal, the plaintiffs claim that the court improperly (1) failed to impanel a jury to act as fact finder in violation of their constitutional right to a jury trial, (2) determined that the Norwalk fire board did not act arbitrarily and capriciously in applying the criteria for firefighter eligibility, (3) determined that the date on which the firefighters were sworn in was the date

---

[1] The defendants are the fire department of the city of Norwalk, the city of Norwalk, Lee Cogswell and Cogswell Associates.

by which they had to satisfy the eligibility criteria and (4) failed to consider certain evidence. In addition, the plaintiffs claim that the trial judge improperly failed to recuse himself.

We ordered the parties to file supplemental briefs on the following additional questions: (1) whether damages can be awarded in a quo warranto action; (2) whether the plaintiffs' failure to name as defendants the individual firefighters whose removal from office is sought deprives the trial court or this court of jurisdiction over the matter; and (3) if this court has jurisdiction over the appeal, whether the trial court's judgment should be reversed and a new trial ordered based on the nonjoinder of the firefighters. We conclude that the individual firefighters are indispensable parties, and, accordingly, reverse the judgment of the trial court. We also address the plaintiffs' claim regarding the court's failure to impanel a jury and the issue regarding the availability of damages because those issues are likely to arise in a new trial.

I

We first address the plaintiffs' failure to name as defendants the firefighters whose title to office is challenged. Although that issue was not specifically raised as a ground for reversal, we conclude that the firefighters are indispensable parties and that the court therefore could not properly have proceeded to judgment in light of their nonjoinder.

The following facts are relevant to the issue of the firefighters' nonjoinder. In the operative complaint, dated June 23, 2000, the plaintiffs alleged that nine firefighters hired by the defendants had failed to satisfy the job eligibility requirements in a timely manner.[2] The

[2] The nine individuals, as named in the complaint, are Michael Andreoli, Peter Brown, Louis Dacunto, James Defelice, Danielle Fay, Brian Kilcoyne, Charles Papadopoulos, Jason Penna and John Petrides.

plaintiffs did not, however, name the firefighters as defendants. The defendants raised the nonjoinder twice in the trial court. The issue was first raised in the defendants' April 20, 1998 motion to strike. The court declined to grant the motion on that ground because the motion did not provide the absent parties' names and addresses as required by Practice Book § 10-39 (b). Subsequently, the defendants filed a motion for summary judgment in support of which they again raised the nonjoinder of the firefighters. In its memorandum of decision denying summary judgment, the court rejected the defendants' argument, noting that a motion to strike is the exclusive vehicle for addressing the failure to join a necessary party. In addition, the court stated that the challenged firefighters were not necessary parties because, according to the court, "in a quo warranto action, the writ is not directed against the officer personally, but the office itself." The case subsequently was tried to the court, which rendered judgment for the defendants. This appeal followed.

The plaintiffs argue in their brief that five of the firefighters had not satisfied the eligibility requirements in a timely manner.[3] Nevertheless, the nonjoinder of the firefighters was not raised on appeal until the defendants mentioned the issue in their first supplemental brief. As previously stated, we subsequently ordered the parties to file additional supplemental briefs to address the significance of the nonjoinder.

We first note that the failure of the parties to raise the nonjoinder of the individual firefighters in their original briefs does not preclude us from consideration of the issue. Ordinarily, an issue may not be raised for the first time in a supplemental brief when the court has not ordered supplemental briefing on that issue.

[3] The five individuals named in the plaintiffs' brief are Peter Brown, Louis Dacunto, Brian Kilcoyne, Charles Papadopoulos and Jason Penna.

See *Mulroy* v. *Becton Dickinson Co.*, 48 Conn. App. 774, 778 n.2, 712 A.2d 436 (1998). Nevertheless, when an action cannot be disposed of properly on its merits because of the absence of an indispensable party, the defect is not waivable and can be addressed by this court even if not timely raised by the parties. See *W. G. Glenney Co.* v. *Bianco*, 27 Conn. App. 199, 202–203, 604 A.2d 1345 (1992); *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 305, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990).

"Parties are considered indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final [disposition] may be . . . inconsistent with equity and good conscience. . . . Indispensable parties must be joined because due process principles make it essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action]. . . . Necessary parties, in contrast, are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." (Citations omitted; internal quotation marks omitted.) *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 225–26 n.10, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997).

A complaint in the nature of a quo warranto may be brought "[w]hen any person . . . usurps the exercise

of any office[4] . . . [and] the Superior Court may proceed . . . to punish such person . . . for such usurpation, according to the course of the common law and may proceed therein and render judgment according to the course of the common law." General Statutes § 52-491. "A quo warranto proceeding under the common law lies only to test the defendant's right to hold office de jure. . . . It is well established that in quo warranto proceedings the burden is upon the defendant to show a complete title to the office in dispute." (Citations omitted; internal quotation marks omitted.) *Cheshire* v. *McKenney*, 182 Conn. 253, 256–57, 438 A.2d 88 (1980); see also *Deguzis* v. *Jandreau*, 27 Conn. App. 421, 424, 606 A.2d 52 (1992). "A successful action in quo warranto ousts the wrongful office holder and declares the position vacant." *Carleton* v. *Civil Service Commission*, 10 Conn. App. 209, 215, 522 A.2d 825 (1987).

"The parties defendant or respondent in quo warranto proceedings are those charged with exercising the particular office or franchise without lawful right. Stated otherwise, a writ of quo warranto must be directed toward the objectionable person holding an office and exercising its functions in his or her individual capacity." 65 Am. Jur. 2d, Quo Warranto § 93 (2001); see also *Johnson* v. *Manhattan Railway Co.*, 289 U.S. 479, 502, 53 S. Ct. 721, 77 L. Ed. 1331 (1933) (quo warranto proceeding "must be brought against the person who is charged with exercising an office or authority without lawful right"); *Blackburn* v. *O'Brien*, 289 F. Sup. 289, 293 (W.D. Va. 1968).

Under the authorities previously cited, the firefighters whose title to office is challenged clearly have the

---

[4] Our Supreme Court has held that rank and file firefighters are public officers for purposes of a quo warranto proceeding. See *New Haven Firebird Society* v. *Board of Fire Commissioners*, 219 Conn. 432, 437, 593 A.2d 1383 (1991).

burden of proving that they rightfully hold office. For reasons not apparent from the record, however, the firefighters have not been named as defendants. This case therefore presents a unique situation in which the individuals possessing the burden of proof are not parties to the action. Furthermore, because the remedy for a finding that any of the firefighters does not rightfully hold office would be the ouster of that firefighter, the individuals who would be most directly affected by a judgment for the plaintiffs were not able to defend their rights to their positions. The court nevertheless proceeded to trial and judgment without requiring the joinder of the firefighters.

We cannot escape the conclusion that the trial of the action without first requiring joinder of the firefighters resulted in a final disposition that necessarily was inconsistent with equity and good conscience. This is not a case in which the missing parties' interests are separable from those of the parties before the court so that the court can proceed to a decree and do complete justice without affecting the missing parties. There simply cannot be any decree or final decision in a quo warranto action in the absence of the parties whose ouster is sought. We therefore conclude that the challenged firefighters are indispensable parties in whose absence the case could not be disposed of properly on its merits. See *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, supra, 238 Conn. 225–26 n.10.

Having reached the conclusion that the challenged firefighters are indispensable parties, we must next determine the proper course of action for the trial court on remand. Specifically, we must decide whether the court should dismiss the case or conduct a new trial after joinder of the proper parties. *J & B Construction & Contracting Services, Inc.* v. *Zoning Board of Appeals*, 45 Conn. App. 702, 706–707, 697 A.2d 721 (1997). The nonjoinder of a party implicates the court's subject

matter jurisdiction and therefore requires dismissal if a statute mandates the naming and serving of the party. *Fong* v. *Planning & Zoning Board of Appeals*, 212 Conn. 628, 634–35, 563 A.2d 293 (1989). Our Supreme Court held in *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987), aff'd, 206 Conn. 374, 538 A.2d 202 (1988), that the failure to name the town clerk in a zoning appeal deprived the trial court of subject matter jurisdiction. That conclusion was based on the language of the statute authorizing the appeal to the Superior Court, General Statutes § 8-8 (b), which at that time provided that "[n]otice of such appeal shall be given by . . . serving a true and attested copy upon the clerk of the municipality. . . ." Id., 414 n.2. Conversely, when a party is indispensable but is not required by statute to be made a party, the court's subject matter jurisdiction is not implicated and dismissal is not required. *Fong* v. *Planning & Zoning Board of Appeals*, supra, 636.

Section 52-491 does not expressly require a plaintiff in a quo warranto action to name and to serve the person allegedly usurping the contested office. The plaintiffs' failure to name the firefighters in the present case therefore does not require dismissal. Accordingly, we remand the case to the trial court for joinder of the proper parties and a new trial. We first, however, address the plaintiffs' claims that present issues that are likely to arise in the new trial.

## II

The plaintiffs claim that the court improperly failed to impanel a jury to act as fact finder in violation of their right to a jury trial under the state and federal constitutions. We are not persuaded.

The following additional facts are relevant to the plaintiffs' claim. On the first day of trial, prior to calling their first witness, the plaintiffs requested that the court

impanel a jury to hear the evidence. The plaintiffs argued that they had a constitutional right to a jury trial. The court denied the request. The plaintiffs claim on appeal that the court improperly denied their request. Their sole argument in support of their claim is that the state and federal constitutions guarantee the right to a jury trial in a quo warranto action. We are not persuaded.

We first note that the right to a jury trial under the seventh amendment to the United States constitution applies only to actions in federal court and does not apply to state court proceedings. *Cumberland Farms, Inc.* v. *Groton*, 262 Conn. 45, 72, 808 A.2d 1107 (2002). Consequently, the only question in the present case is whether the plaintiffs had a right to a jury trial pursuant to article first, § 19, of the constitution of Connecticut.

"[A]rticle first, § 19, of the Connecticut constitution . . . guarantees the right to a jury trial in all cases for which such a right existed at the time of the adoption of that constitutional provision in 1818 . . . [or] in cases that are substantially similar to cases for which the right to a jury trial existed at common law in 1818." (Internal quotation marks omitted.) Id., 71. Our Supreme Court has stated that "[w]rits of mandamus and quo warranto . . . can properly be considered as special statutory proceedings triable only to a court without a jury, because they were not triable to a jury prior to 1818." (Internal quotation marks omitted.) *Swanson* v. *Boschen*, 143 Conn. 159, 166 n.1, 120 A.2d 546 (1956). The plaintiffs therefore do not have a constitutional right to a jury trial in the present case. Accordingly, the court properly denied the plaintiffs' request for a jury trial.

## III

Finally, we consider whether a quo warranto plaintiff who is legally entitled to an office usurped by a defen-

dant may collect damages. We address that issue because it has been fully briefed by the parties and is likely to arise in the new trial. We conclude that damages are not available in a quo warranto action.

The following facts are relevant to the issue of whether damages are available in a quo warranto action. Both in the trial court and on appeal, the plaintiffs have characterized this as an action in the nature of quo warranto brought pursuant to § 52-491. In the prayer for relief attached to the operative complaint, the plaintiffs seek, inter alia, "[m]oney damages, consisting of back pay, front pay, seniority rights, pension benefits and all other benefits that would have accrued to plaintiffs had they been hired as Firefighters in September, 1997 and . . . other money damages within the jurisdictional limits of the Superior Court . . . ."[5] In their appellate brief, the plaintiffs argue that we should reverse the judgment of the trial court and order it to award them back pay and benefits. Pursuant to our order at oral argument, the parties submitted supplemental briefs on the availability of damages in a quo warranto action.

Traditionally, the sole issue in a quo warranto action is the defendants' right to hold the contested office, and the plaintiffs' right to the office is outside the scope of the proceedings. "A quo warranto proceeding under the common law lies only to test the defendant's right to hold office de jure." *Cheshire* v. *McKenney*, supra, 182 Conn. 256. "A successful quo warranto action unseats an illegal office holder and declares the position vacant. It does not place the rightful claimant into the office. If the claimant can thereafter establish his clear right to the position, he may bring an action in mandamus to seek his own appointment." *New Haven Firebird Society* v. *Board of Fire Commissioners*, 219 Conn.

[5] The prayer for relief also includes requests for injunctive relief, attorney's fees, costs and removal of the allegedly ineligible firefighters.

432, 436, 593 A.2d 1383 (1991); see also *Gesmonde, Pietrosimone, Sgrignari, Pinkus & Sachs* v. *Waterbury*, 231 Conn. 745, 748 n.5, 651 A.2d 1273 (1995); *Carleton* v. *Civil Service Commission*, supra, 10 Conn. App. 215–16.

Because a quo warranto action does not determine the plaintiffs' right to the contested office, there is no basis for an award of damages in such a case. The sole issue is the defendants' right to hold office de jure, and the remedy on the failure of any defendant to carry the burden of proof is that defendant's ouster.

The judgment is reversed and the case is remanded so that the proper parties may be joined and a new trial conducted consistent with this opinion.

In this opinion the other judges concurred.

