******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHESTER LICHAJ ET AL *v.* J. MICHAEL
SCONYERS ET AL
(AC 37214)

Beach, Keller and West, Js.

*Argued October 26, 2015—officially released March 1, 2016*

(Appeal from Superior Court, judicial district of
Litchfield, Pickard, J.)

*John R. Williams*, for the appellants (plaintiffs).

*Robert W. Cassot*, with whom, on the brief, was *Cristin E. Sheehan*, for the appellees (named defendant
et al.).

*Opinion*

BEACH, J. The plaintiffs, Chester Lichaj and Nicole Lichaj, appeal from the summary judgment rendered by the trial court in favor of the defendants J. Michael Sconyers and Ackerly Brown, LLP.[1] We affirm the judgment of the trial court granting the motion for summary judgment.

The present action sounds in vexatious litigation. Chester Lichaj and Nicole Lichaj alleged, in their complaint, that David Welles, Lori Welles, and their attorney, Sconyers, previously brought a vexatious, meritless action against them. The trial court granted motions for summary judgment in favor of all the defendants; the plaintiffs appeal only as to Sconyers. The prior underlying action was tried to the court, which ruled in favor of the Welleses; this court reversed the trial court's judgment and remanded the case with direction to vacate the injunction and for further proceedings. Because the trial court in the present action considered the facts and procedural history of the prior action, we begin with a discussion of that action, as recounted in this court's appellate opinion.

"[David Welles and Lori Welles] own and reside at 37 Ballyhack Road in West Cornwall. [Chester Lichaj and Nicole Lichaj] own and reside at 39 Ballyhack Road. Pursuant to a deed, [the Lichajes] have a right-of-way over the [Welles'] land for the purpose of gaining access to their property from Ballyhack Road. The fifty foot wide right-of-way extends from Ballyhack Road, over a portion of the [Welles'] land, to the [Lichajes'] residence, a distance of approximately 1400 feet. The right-of-way provides the only means of access for the parties from Ballyhack Road, a public highway, to their residences.

"In 2004, Chester Lichaj began using his tractor to remove snow from the right-of-way. The [Welleses] made multiple requests to both [of the Lichajes] that he stop plowing the right-of-way because Lori Welles' father historically had plowed it for them and if an emergency arose, they preferred to call a professional to attend to the snowplowing. Nevertheless, Chester Lichaj periodically plowed the right-of-way with his own tractor even though Lori Welles' father also continued to plow the right-of-way until his truck failed during the 2005-2006 winter. Thereafter, the [Welleses] hired David Hurlburt to plow the driveway. Chester Lichaj, however, continued to plow the driveway as well during the same winter. This pattern continued, with the [Welleses] hiring Hurlburt but Chester Lichaj still plowing the driveway with his tractor, despite requests from the [Welleses] that he not do so.

"Thereafter, in March, 2009, [David Welles and Lori Welles] initiated this action seeking a permanent injunction prohibiting Chester Lichaj from plowing the right-

of-way. The [Lichajes] filed a counterclaim sounding in tort alleging that [David Welles and Lori Welles] intentionally and maliciously interfered with their use of the right-of-way and the quiet enjoyment of their land. The [Lichajes] also claimed intentional and negligent infliction of emotional distress. More specifically, they alleged that on multiple occasions while Chester Lichaj plowed snow off the right-of-way he was accosted verbally by David Welles in an aggressive and abusive manner." (Footnotes omitted.) *Welles* v. *Lichaj*, 136 Conn. App. 347, 349–50, 46 A.3d 246, cert. denied, 306 Conn. 904, 52 A.3d 730 (2012).

The Lichajes moved for summary judgment, and the motion was denied by the court, *Danaher, J*. The matter then was tried to Judge Danaher, who granted an injunction in favor of David Welles and Lori Welles that enjoined Chester Lichaj from performing maintenance on the right-of-way over the property of the Welleses. The court found in favor of Nicole Lichaj as to the claim for an injunction. The court found that "no further action [was] necessary with regard to the [Lichajes'] counterclaim." The Lichajes appealed from the judgment of the trial court. On appeal, this court reversed the judgment of the trial court and remanded the case; id., 359;[2] this court determined that the trial court had abused its discretion in granting the injunction as to the right-of-way and misinterpreted the deed. Id., 356, 359.

The Lichajes then brought the present action claiming statutory and common-law vexatious litigation against the Welleses, Sconyers and Ackerly Brown, LLP. The Lichajes alleged, inter alia, that the underlying injunctive action was brought and maintained without probable cause. Sconyers and Ackerly Brown, LLP, moved for summary judgment on the ground that there was no genuine issue of fact or law as to the existence of probable cause to initiate the underlying injunctive action. In the motion for summary judgment, Sconyers and Ackerly Brown, LLP, maintained that there was probable cause because the Welleses had prevailed at trial in the underlying action as against Chester Lichaj, their claim against Nicole Lichaj survived summary judgment, and the facts known to Sconyers were sufficient for him to believe that there was probable cause to commence the injunctive action against both Chester Lichaj and Nicole Lichaj. In a September, 2014 memorandum of decision, the court, *Pickard, J.*, granted Sconyers' motion for summary judgment. The court reasoned that, as a matter of law, the finding of the trial court in the underlying action in favor of the Welleses, who were represented by Sconyers, as to their claim against Chester Lichaj was conclusive evidence of probable cause as to him, and the reversal of that claim on appeal was not inconsistent with the existence of probable cause.[3] See *Byrne* v. *Burke*, 112 Conn. App. 262, 275–76, 962 A.2d 825, cert. denied, 290 Conn. 923, 966 A.2d 235 (2009).

The court rendered summary judgment against Nicole Lichaj as well. Although judgment had not been rendered against her in the prior case, the motion for summary judgment had been denied with respect to her. The court in the present case held that the denial of the motion for summary judgment in the prior case precluded a finding that there had not been probable cause to pursue that action. The court cited *Havilah Real Property* v. *Early*, 216 Md. App. 613, 626–28 and n.13, 88 A.3d 875 (2014), which explains that decisions discussing the issue fall generally into two categories: some jurisdictions, such as California, Georgia, Pennsylvania and the United States Court of Appeals for the Eighth Circuit, conclude that a denial of a motion for summary judgment creates a presumption of probable cause sufficient by itself to defeat a subsequent claim for vexatious litigation; others, such as Kentucky, Arizona and Vermont, conclude that a denial of a motion for summary judgment is but one factor to consider in the analysis of probable cause. The court in the present case noted that there was no controlling Connecticut precedent on the issue and decided to follow the line of cases that hold that a previous denial of a motion for summary judgment is conclusive evidence of the existence of probable cause to bring the prior action. Because Nicole Lichaj's motion for summary judgment had been denied, the court concluded that there had been probable cause to bring the underlying action against her and granted the motion for summary judgment. This appeal followed.

"The cause of action for vexatious litigation permits a party who has been wrongfully sued to recover damages. . . . In Connecticut, the cause of action for vexatious litigation exists both at common law and pursuant to statute. Both the common law and statutory causes of action [require] proof that a civil action has been prosecuted . . . . Additionally, to establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the plaintiff's favor. . . . The statutory cause of action for vexatious litigation exists under [General Statutes] § 52-568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages. . . .

"In assessing probable cause in vexatious litigation actions against attorneys and law firms, the critical question [is] whether on the basis of the facts known by the law firm, a reasonable attorney familiar with Connecticut law would believe he or she had probable cause to bring the lawsuit. . . . As is implied by its phrasing, the standard is an objective one that is necessarily dependent on what the attorney knew when he or she initiated the lawsuit." (Citation omitted; internal quotation marks omitted.) *Schaeppi* v. *Unifund CCR*

*Partners*, 161 Conn. App. 33, 45–46, 127 A.3d 304, cert. denied, 320 Conn. 909,      A.3d      (2015).

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 548–49, 848 A.2d 352 (2004). Likewise, "[w]hether there is probable cause in a [vexatious litigation] case is a question of law, upon which our scope of review is plenary." (Internal quotation marks omitted.) *Schaeppi* v. *Unifund CCR Partners*, supra, 161 Conn. App. 46.

The Lichajes claim that the court erred when it granted the motion for summary judgment against Nicole Lichaj. They contend that this court should hold that a prior denial of a motion for summary judgment is but one factor to consider in the analysis of probable cause. Sconyers disagrees and also, in the alternative, argues that this court should affirm the decision on the ground that, as a matter of law, there was probable cause to include Nicole Lichaj as a defendant in the prior action, regardless of the effect of the prior denial of the motion for summary judgment. We agree with Sconyers as to the alternative ground, which was raised on appeal and in his motion for summary judgment in the vexatious litigation action,[4] that probable cause for pursuing the underlying action existed in any event.[5]

The documents submitted in connection with the motion for summary judgment show that there was an ongoing dispute between the Lichajes and the Welleses regarding, among other things, the snowplowing of the easement that the Lichajes enjoyed over the Welleses' property. At the center of the underlying action was a dispute as to the interpretation of the right-of-way as set forth by the Lichajes' deed. Schedule A of the deed, which concerned maintenance of the right-of-way, specified: "All parties agree that the right of way and its continuation are to be maintained in their present condition, which may require periodic grading, re-graveling, cleaning or repairs of culverts, and snow plowing . . . . Responsibility for payment for said maintenance shall be shared equally by the owners of Lot 1 and Lot 2 . . . . If the right of way is damaged by either party . . . then the party or parties responsible for the damage shall bear the cost of restoring the right of way to

its present condition." The court, in its memorandum of decision in the underlying action, interpreted this language to mean that the parties to the deed intended that the maintenance activities were to be performed by third parties only, and, thus, the court enjoined Chester Lichaj from performing maintenance activities; it ordered, instead, that those maintenance activities were to be performed by third parties. On appeal, this court reversed the decision of the trial court and concluded that it had not properly interpreted the plain language of the deed, but rather had "improperly incorporated a restrictive covenant into the deed unsupported by its plain language." *Welles* v. *Lichaj*, supra, 136 Conn. App. 358. There clearly was a dispute regarding the interpretation of the deed; the dispute was resolved differently by the trial court and the Appellate Court.[6]

Sconyers had probable cause to bring the underlying action against Nicole Lichaj. The underlying action sought a resolution of the dispute about the interpretation of the language in the deed regarding the means of maintaining the right-of-way, and an acrimonious relationship needed to be addressed. Regardless of how the issue ultimately would be resolved, the matter clearly and objectively required resolution, one way or another. The rights of Nicole Lichaj, a co-owner of the property, were affected by the outcome of the case and, accordingly, it would be reasonable to believe that an injunction would clarify and affect her rights. See *Demarest* v. *Fire Dept.*, 76 Conn. App. 24, 28, 817 A.2d 1285 (2003) ("Parties are considered indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final [disposition] may be . . . inconsistent with equity and good conscience. . . . Indispensable parties must be joined because due process principles make it essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action]. . . . Necessary parties, in contrast, are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." [Internal quotation marks omitted.]). An attorney familiar with Connecticut law could reasonably believe that there was probable cause to bring the prior action against Nicole Lichaj, even though she was not the party engaged in the maintenance activities at issue, because she was a co-owner of the premises. Her rights and

responsibilities in the right-of-way over the Welleses' abutting land were at issue.

As a matter of law, Sconyers had probable cause to bring the underlying action. Although the appropriate resolution was hotly disputed, there was no dispute of material fact as to the circumstances which gave rise to the existence of probable cause. Accordingly, we conclude that the court properly granted the Sconyers' motion for summary judgment in the vexatious litigation action.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Also named as defendants in this action were David Welles and Lori Welles, who were represented in the underlying action by Sconyers, an attorney employed by the law firm Ackerly Brown, LLP. The court granted the motions for summary judgment as to all defendants. The plaintiffs challenge on appeal only the court's granting of summary judgment as to Sconyers and Ackerly Brown, LLP.

Because reference to the underlying action is necessary, and the plaintiffs in that action are defendants in the present action, and vice versa, we refer to the parties by their names rather than as "plaintiffs" or "defendants." Also, although both Sconyers and his law firm, Ackerly Brown, LLP, are parties, their interests are identical and therefore we generally shall refer only to Sconyers.

[2] On remand, the Lichajes withdrew their counterclaim.

[3] This conclusion is not challenged on appeal.

[4] In his motion for summary judgment, Sconyers argued that, even if the denial of the motion for summary judgment in the underlying case was not dispositive, summary judgment in the vexatious litigation case was appropriate nonetheless because the Lichajes could not, as a matter of law, prove that he lacked probable cause to bring the underlying action. Sconyers reasoned, in that motion, that the underlying action sought a resolution of the ongoing controversy surrounding the interpretation of a deed and that a reasonable attorney familiar with Connecticut law could conclude that it was reasonable to bring an action against Nicole Lichaj because she was an owner of the property.

[5] We express no opinion as to whether a denial of a motion for summary judgment, without more, is sufficient to negate the lack of probable cause for the purpose of a subsequent action in vexatious litigation.

[6] We recognize of course that an attorney contemplating bringing the prior action could not have known of the subsequent rulings by various courts. That jurists concluded differently, however, is consistent with the proposition that there was some possibility of a favorable outcome.