******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## SHERI SPEER *v.* CITY OF NORWICH
## (AC 45169)

Cradle, Suarez and Clark, Js.

*Syllabus*

The self-represented plaintiff appealed to this court from the judgment of the trial court dismissing her action seeking to enjoin the defendant city of Norwich from proceeding with a tax foreclosure sale of certain real property she owned until the state lifted its COVID-19 restrictions. The plaintiff alleged, inter alia, that an auction of the property while COVID-19 restrictions imposed by the state were in effect would bring a lower sale price than would an auction when the COVID-19 restrictions were not in place and, thus, result in an unconstitutional taking of her property. At the hearing on the defendant's motion to dismiss, the trial court was informed that the property had been sold and that the foreclosure court had approved the sale. The trial court concluded that the plaintiff's case was moot and that the court therefore lacked subject matter jurisdiction. Subsequent to the plaintiff's filing of her appeal, and after the COVID-19 restrictions had been lifted, the trial court was informed that the successful bidder had failed to consummate the sale and the court ordered his deposit forfeited, thereby leaving the property unsold. *Held* that the trial court properly dismissed the plaintiff's action for lack of subject matter jurisdiction, as the sale of the property had been approved by the court at the time of the hearing on the defendant's motion to dismiss, and the plaintiff's appeal was moot, as there was no practical relief this court could grant her because the next foreclosure auction of the property would occur without any COVID-19 restrictions in place; moreover, contrary to the plaintiff's assertion, her case did not fall within the capable of repetition, yet evading review exception to the mootness doctrine, as this court was not convinced that her action or its effect was of a limited duration such that it would become moot before appellate litigation could be concluded, nor was this court persuaded that the questions posed were likely to arise in the future or that issues of public importance were involved in the plaintiff's appeal.

Submitted on briefs October 12—officially released December 13, 2022

*Procedural History*

Action, inter alia, to enjoin the defendant from proceeding with a foreclosure action against certain of the plaintiff's real property, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, *Young, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Appeal dismissed.*

*Sheri Speer*, self-represented, filed a brief as the appellant (plaintiff).

*Aimee L. Siefert* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. In the underlying action, the self-represented plaintiff, Sheri Speer, sought injunctive relief that would effectively prohibit the defendant, the city of Norwich, from proceeding with a tax foreclosure sale of real property she owned. The plaintiff appeals from the trial court's granting of a motion to dismiss in favor of the defendant. The court determined that the issues raised in the action were moot and, thus, it lacked subject matter jurisdiction over her action. On appeal, the plaintiff claims that (1) the court erred in finding that the matter was moot, (2) even if the matter was moot, the collateral consequences doctrine still applies, and (3) the court "improperly den[ied] [her] due process by not enjoining the tax sale proceedings to which she was not a party and to which were subjected to the impaired functionality and limitations on higher bids imposed [by] COVID-19 restrictions." We dismiss the appeal as moot.

The following undisputed facts and procedural history are relevant to the resolution of this appeal. In a prior tax foreclosure action brought by the defendant against the Brenton Family Trust, the plaintiff moved to intervene, asserting that she had become the owner of record of the subject property. The trial court, *Hon. Emmet L. Cosgrove*, judge trial referee, denied her motion to intervene. After the court, *Calmar, J.*, rendered judgment in the defendant's favor, the plaintiff appealed to this court, challenging the trial court's denial of her motion to intervene. This court affirmed the judgment of foreclosure by sale and remanded the case to the trial court for the purpose of setting a new sale date. See *Norwich* v. *Brenton Family Trust*, 202 Conn. App. 905, 244 A.3d 186 (2021). After the subject property was sold at a public auction on September 18, 2021, and the sale was approved by the trial court, *Calmar, J.*, on October 13, 2021, the plaintiff brought a subsequent appeal in that action, which this court dismissed on November 18, 2021. See *Norwich* v. *Brenton Family Trust*, Superior Court, judicial district of New London, Docket No. CV-19-6041779-S (October 25, 2021), appeal dismissed, Connecticut Appellate Court, Docket No. AC 45071 (November 18, 2021).

On June 15, 2021, while the foreclosure action was still pending, the plaintiff filed the underlying action against the defendant. The plaintiff alleged that, due to COVID-19 restrictions imposed by the state of Connecticut, a tax foreclosure auction of property of which she was the record owner would result in the land being sold at a lower price than it otherwise would be without the restrictions in place.[1] The result, she alleged, would be an unconstitutional taking of her property. The plaintiff sought a temporary and permanent injunction preventing the foreclosure sale of the property until the state lifted its COVID-19 restrictions, as well as dam-

ages, costs, and other relief that the court deemed fair and proper.

On June 23, 2021, the defendant filed a motion to dismiss. In that motion, the defendant argued that the plaintiff's action was barred by the prior pending action doctrine because the trial court had previously denied the plaintiff's motion to intervene in the foreclosure action, which involved the same facts and issues. In response, the plaintiff filed a memorandum of law opposing the motion to dismiss in which she argued that the prior pending action doctrine did not bar her action.

On November 1, 2021, the court, *Young, J.*, heard arguments from the parties on the motion to dismiss. At the hearing, the defendant informed the court that the subject property had been sold and that the court had approved the sale. The court ordered each party to brief the issue of whether the matter had become moot. The parties each filed briefs on the matter, and, on November 29, 2021, the court issued a memorandum of decision in which it granted the defendant's motion to dismiss. The court, rejecting the plaintiff's reliance on the existence of an appellate stay in connection with appeals that she had filed as a nonparty in connection with the foreclosure action, ruled that the matter was moot because the property at issue had been sold and the court had approved the sale. This appeal followed.

In her principal brief on appeal, the plaintiff argues that the court had subject matter jurisdiction because the matter was not moot, that the collateral consequences doctrine would apply even if the matter was otherwise moot, and that she was denied due process under the fifth amendment to the United States constitution. Thereafter, the defendant submitted its brief, noting therein that "the successful bidder [in the completed and approved foreclosure sale had] . . . forfeited his deposit, and the [trial] court has scheduled argument to reset the sale date. In addition, [the plaintiff] has also become a party to that pending action . . . ." On October 14, 2022, this court ordered both parties to submit supplemental briefs "addressing whether this appeal should be dismissed as moot because (1) the restrictions associated with the COVID-19 pandemic that form the basis for the plaintiff's request for injunctive relief in this action have expired, and (2) the particular tax foreclosure sale of which the plaintiff complains was not consummated and the successful [bidder's] deposit was ordered forfeited on May 26, 2022."

On October 24, 2022, the plaintiff filed her supplemental brief. Importantly, she does not appear to dispute the facts about the failed sale or the fact that the restrictions of which she complained are no longer in effect. She argues that the matter is reviewable, regardless of mootness, under the capable of repetition, yet evading review exception to the mootness doctrine.[2] The defen-

dant, on November 4, 2022, filed its supplemental brief, arguing therein that the matter is moot because "there is no practical relief this court can order, the gathering restrictions are lifted, and foreclosure sales can continue as they were [prior to the period of time during which COVID-19 pandemic restrictions were in effect]." We are persuaded by the defendant.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable . . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy [is] capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . A case is considered moot if [the court] cannot grant the appellant any practical relief through its disposition of the merits . . . . Because mootness implicates this court's subject matter jurisdiction, it raises a question of law over which we exercise plenary review. . . .

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . *An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal*. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Martocchio* v. *Savoir*, 156 Conn. App. 224, 230, 112 A.3d 211, cert. denied, 317 Conn. 922, 118 A.3d 63 (2015).

In her complaint, the plaintiff sought injunctive relief preventing a foreclosure auction of the property until the governor ended all COVID-19 restrictions. Since her complaint was filed, the COVID-19 restrictions that she complained of have been lifted. Additionally, since this appeal was filed, the court ordered the successful bidder's deposit forfeited, and, therefore, the subject property has not been sold. It is not disputed that, when the property is put up for sale at the next foreclosure auction, the auction will occur without any COVID-19 restrictions in place. As such, there is no practical relief that this court can grant the plaintiff.

We are not persuaded by the plaintiff's argument that, even if the matter is otherwise moot, this court should

still adjudicate it because the capable of repetition, yet evading review exception applies. For this exception to the mootness doctrine to apply, the court must find all three of the following: "First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." *Loisel* v. *Rowe*, 233 Conn. 370, 382–83, 660 A.2d 323 (1995).

In her brief, the plaintiff does not explain why the issue raised in this action—COVID-19 restrictions affecting a foreclosure sale—is, by its nature, of a limited duration such that there is a strong likelihood that the majority of cases seeking to raise the issue in the future will become moot before appellate litigation can be concluded. Furthermore, she does not address why there would be a reasonable likelihood of this question arising in the future. She merely states in a conclusory fashion that there could be "likely subsequent repeats of the same fact patterns involving similar subject matter." Finally, without stating what other questions of public importance this issue raises, she argues in her brief that "there does exist a substantial question—indeed, several questions—of public importance."

We are not convinced that the present action or the effect of it is, by its nature, of a limited duration so that it would become moot before appellate litigation can be concluded. Furthermore, because the restrictions that were put in place in connection with the COVID-19 pandemic—itself an uncommon historic event—have been lifted, we are not persuaded that the questions posed in this appeal are likely to arise in the future. Last, we are not persuaded by the plaintiff's bald assertion that issues of public importance are involved in this appeal. Accordingly, the capable of repetition, yet evading review exception to the mootness doctrine is not applicable to this case.

The appeal is dismissed.

[1] Specifically, the plaintiff alleged that state government mandates requiring the wearing of face masks, requiring social distancing, limiting crowds, and imposing "rent holidays" resulted in artificially low real estate prices at foreclosure auctions.

[2] Additionally, in her supplemental brief, the plaintiff claims that "[t]he effects of the sale constituted an unjust taking, even though the deposit was forfeited." Because her second claim is outside the scope of the issue that this court ordered the parties to brief, we decline to review it. See, e.g., *Demarest* v. *Fire Dept.*, 76 Conn. App. 24, 27, 817 A.2d 1285 (2003) ("[o]rdinarily, an issue may not be raised for the first time in a supplemental

brief when the court has not ordered supplemental briefing on that issue").

_____